### In re FORFEITURE OF ONE 1978 GLASTRON CARLSON MOTOR BOAT.

[Cite as *In re Forfeiture of One 1978 Glastron Carlson Motor Boat* (1994), 97 Ohio App.3d 278.]

Court of Appeals of Ohio,
Portage County.

No. 93–P–0106.

Decided Oct. 3, 1994.

*David W. Norris,* Portage County Prosecuting Attorney, and *Denise L. Smith,* Assistant Prosecuting Attorney, for appellant.

*Kerry O'Brien,* for appellee.

---

Cacioppo, Judge.

This is an accelerated appeal from a final judgment of the Portage County Court of Common Pleas denying the request of appellant, the state of Ohio, for an order requiring appellee, John Koch, to repair a motor boat which had been forfeited to the state. As part of this judgment, the trial court also held that appellee had purged himself of contempt by delivering possession of the boat to the state.

In June 1992, the state filed a complaint for forfeiture of a 1978 Glastron Carlson motor boat, pursuant to R.C. 2925.43. The complaint alleged that the motor boat had been owned by appellee, and that appellee had used it to facilitate the commission of a felony drug abuse offense. After appellee failed to appear at a hearing on the complaint, the trial court issued a judgment in favor of the state, ordering the forfeiture of the boat to the Watercraft Division of the Ohio Department of Natural Resources.

In June 1993, the state filed a motion to show cause, requesting the trial court to find that appellee had failed to comply with the prior judgment as to the forfeiture of the motor boat. A hearing was held on the state's contempt motion.

From the evidence, it was established that appellee had given possession of the motor boat to the authorities on September 17, 1993. At the time the boat was returned, its engine had been disassembled and was inoperable. Various other items which had been on the boat on the date of appellee's original arrest were no longer present. The state moved the trial court to order appellee to pay for all repairs which were necessary to return the boat to its previous condition.

The trial court denied the state's motion and held that it lacked the authority to order appellee to pay for the repairs.

The state raises one assignment of error. The state contends that the trial court erred in concluding that it lacked the authority to order the payment of the repairs to the motor boat. The state maintains that as a part of its inherent powers, the court has the authority to force appellee to "fully" comply with the prior forfeiture order and require him to pay for the repairs. This argument is well taken.

R.C. 2925.43 governs the civil forfeiture of any property which was used in, or resulted from, the commission of a felony drug abuse offense. A review of this statute indicates that it provides for the forfeiture of property to the state, *i.e.*, the statute does not expressly provide for the type of relief which the state sought in the instant case. However, certain subsections in the statute support the inference that the trial court has the inherent authority to grant the state's request.

We note that R.C. 2925.43(B)(1) states that if the property is "forfeitable" under subsection (A), title to that property vests in the state at the time of the commission of the act upon which the proceeding is based. From this, it follows that the state becomes the owner of the property at that time and would accordingly be able to maintain an action to protect its rights.

Appellee testified that a short time after the arrest, he received notice of the pending forfeiture action. Therefore, appellee had a legal obligation not to harm the boat or attempt to diminish its value.

Since the state could seek recovery for the necessary repairs, the court had the authority to grant such relief; thus, the court erred. Accordingly, appellant's assignment of error is sustained and the judgment of the trial court is reversed, and the cause is remanded.

*Judgment accordingly.*

FORD, P.J., concurs.

NADER, J., concurs in judgment only.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.