The STATE of Ohio, Appellant,

v.

PARSONS, Appellee.

[Cite as *State v. Parsons* (1989), 64 Ohio App.3d 63.]

Court of Appeals of Ohio,
Meigs County.

No. 422.

Decided Sept. 5, 1989.

*Steven L. Story,* Prosecuting Attorney, for appellant.

*Porter, Little, Sheets & Lentes* and *John R. Lentes,* for appellee.

---

HARSHA, Judge.

The state of Ohio has taken this appeal from the trial court's dismissal of an indictment charging appellee, Elmer Parsons, with cultivation of marijuana. During cross-examination at a hearing on appellee's motion to suppress evidence, the deputy who conducted the investigation refused to identify the informant involved upon being ordered to do so by the court. The court ultimately dismissed the case for failure of the state to comply with its order of disclosure. We reverse and remand for further proceedings.

On September 8, 1987, Deputy Sheriff Klein received information from a confidential informant who stated that he/she had observed marijuana growing on appellant's property the day before. The informant was apparently very precise concerning the numerous locations where the marijuana could be found. Without obtaining a search warrant, Deputy Klein and several other officers went to appellant's residence where they immediately observed a bag containing freshly cut marijuana in the back seat of an abandoned vehicle. It is unclear from the record exactly where the abandoned vehicle was located, but Klein's testimony indicates that it was observable from the driveway alongside the residence as he stated he saw the sack as he approached the dwelling.

After observing the sack and its contents, Klein approached the back door and sought permission to search the property from one Judy O'Neil. O'Neil advised the deputy that she lived there and gave permission to search the outdoor area of the property, but denied them access to the house.

Klein and the other officers checked the premises and discovered additional marijuana in the areas where the informant indicated it would be found. Klein returned to the residence and upon being denied permission to search the house, he instructed several officers to stand by while he went to obtain a search warrant. Upon receipt and execution of the warrant to search the residence, additional marijuana and appellant were located therein. Appellant was taken into custody and later indicted for cultivating marijuana. He was arraigned September 14, 1987.

On December 21, 1987, defense counsel made a motion to suppress evidence which appears to have been filed beyond the time limits provided for in Crim.R. 12. There was no objection by the state, however. The basis for the

motion was that the search and seizure was "conducted without a warrant, without probable cause, and not incident to a lawful arrest * * *."

At the hearing conducted June 16, 1987 on the motion, defense counsel also asserted in his opening remarks that he intended to contest the issue of O'Neil's consent.

Upon direct examination by the state, Deputy Klein testified to his contact with the informant both in this instance and on previous occasions. Klein testified that on several occasions the informant had provided reliable information concerning the cultivation of marijuana. On "approximately two occasions," this information had led to convictions. Klein also testified about his conversation with the informant on September 8 and the resulting investigation at appellant's residence as set forth above. He further testified to the obtaining of the warrant to search the residence, executing it, filing the inventory and the return.

Defense counsel was afforded an opportunity for cross-examination and immediately sought disclosure of the identity of the confidential source. Defense counsel did not lay a foundation to establish the need for disclosure, but rather, went directly to the question of identity. Over the state's objection, the court ordered disclosure. The witness refused. After a recess, the witness was again ordered to disclose the informant's identity. Again, the witness refused. Defense counsel then asked for a dismissal, as opposed to a finding of contempt. No other evidence was presented by either party and the matter was taken under advisement on defendant's oral motion to dismiss.

On June 17, 1988, the prosecuting attorney filed a motion to reconsider. However, on July 22, 1988, the court ordered the state to reveal the identity of the informant on or before July 28, 1988. The witness still refused to comply or even to reveal the identity to the prosecuting attorney despite the prosecutor's request that he do so.

On September 7, 1988, without further proceedings, the trial court put on an entry dismissing the case with prejudice. The prosecuting attorney filed his notice of appeal on September 14, 1988 and alleged three assignments of error.

"Assignment of Error No. 1

"The trial court erred when it ordered the witness to reveal the name of the confidential informant."

At the outset, this court wishes to make clear that the issues before it all relate to disclosure of the identity of the informant and not to any determination of probable cause for or reasonableness of the search. Those issues were never reached by the trial court and are not properly before this court.

Appellant state of Ohio contends that the trial court improperly ordered Deputy Klein to reveal the identity of his informant. We agree.

██  It is clear that a defendant has a right to cross-examine government witnesses at a suppression hearing. Because of the historical and practical importance of the right of cross-examination, limitations on this right must be justified by weighty considerations. *United States v. Green* (C.A.D.C.1981), 670 F.2d 1148. One well-recognized limitation on a defendant's right to cross-examine government witnesses is the so-called "informer's privilege" which, as Justice Burton aptly noted in *Roviaro v. United States* (1957), 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, is in reality the government's privilege to withhold the identity of persons who furnish information concerning criminal conduct.

In *Roviaro,* the Supreme Court held that in a trial setting this privilege to withhold the informant's identity is limited. Adopting a balancing test between the public's interest in law enforcement, and the related flow of confidential information, against the individual's right to prepare a defense, the court held that where the questioned identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61, 77 S.Ct. at 628–629, 1 L.Ed.2d at 645.

Ohio has applied the principles set forth in *Roviaro* in a long line of cases. See *State v. Butler* (1984), 9 Ohio St.3d 156, 9 OBR 445, 459 N.E.2d 536; *State v. Williams* (1983), 4 Ohio St.3d 74, 4 OBR 196, 446 N.E.2d 779; *State v. Phillips* (1971), 27 Ohio St.2d 294, 298, 56 O.O.2d 174, 176, 272 N.E.2d 347, 349; *State v. Roe* (1971), 26 Ohio St.2d 243, 246, 55 O.O.2d 480, 482, 271 N.E.2d 296, 298, and *State v. Beck* (1963), 175 Ohio St. 73, 76, 230 O.O.2d 377, 379, 191 N.E.2d 825, 828, reversed on other grounds (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142. The Ohio Supreme Court has consistently indicated that the balance to be struck between the competing interests of the state and the defendant is a delicate one which necessitates a case-by-case analysis. Thus, the courts have in some cases held in favor of disclosure, while in others they have affirmed the privilege.

██  As the syllabus in *State v. Williams, supra,* indicates, the identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges. One factor of major significance in applying this test is the degree of participation of the informant in the underlying conduct. Generally speaking, the greater the degree of participation, the greater the need for disclosure. Courts have held consistently that where the informant was not an active participant in the criminal activity, but only a tipster, disclosure is

not required by *Roviaro*. See *United States v. Varella* (C.A.11, 1982), 692 F.2d 1352, certiorari denied (1983), 464 U.S. 838, 104 S.Ct. 127, 78 L.Ed.2d 124; *United States v. Moreno* (C.A.5, 1979), 588 F.2d 490, certiorari denied (1979), 441 U.S. 936, 99 S.Ct. 2061, 60 L.Ed.2d 666; *United States v. Barker* (D.C.Colo.1985), 623 F.Supp. 823.

■ Furthermore, disclosure need not be made where the informant's involvement was limited to providing information relevant to the issue of probable cause. *McCray v. Illinois* (1967), 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62; *United States v. Fixen* (C.A.9, 1986), 780 F.2d 1434; *United States v. Barker, supra.* In *McCray,* the Supreme Court upheld the testimonial privilege in the context of a pre-trial suppression hearing. The *McCray* court explicitly distinguished its treatment of the privilege in the suppression hearing context from its earlier ruling in *Roviaro,* a trial setting. The Supreme Court has made further comment on this distinction in *United States v. Raddatz* (1980), 447 U.S. 667, 679, 100 S.Ct. 2406, 2414, 65 L.Ed.2d 424, 435, rehearing denied (1980), 448 U.S. 916, 101 S.Ct. 36, 65 L.Ed.2d 1179:

"This Court on other occasions has noted that the interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself. At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.... Furthermore, although the Due Process Clause has been held to require the Government to disclose the identity of an informant at trial, provided the identity is shown to be relevant and helpful to the defense, *Roviaro v. United States,* 353 U.S. 53, 60–61 [77 S.Ct. 623, 627–28, 1 L.Ed.2d 639, 645 (1957)], ... it has never been held to require the disclosure of an informant's identity at a suppression hearing. *McCray v. Illinois* (1967), 386 U.S. 300 [87 S.Ct. 1056, 18 L.Ed.2d 62 (1967)].... We conclude that the process due at a suppression hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself." (Citations omitted.)

In *Barker, supra,* at 836, the district court noted:

"In the present case, it appears that the informants only provided initial, introductory information to the government agents. While this information was relevant to the determination of probable cause and the issuance of the search warrants, it does not facially appear that the informants were active participants in the crimes charged in this indictment. Furthermore, the government has represented that the informants will not be called to testify at trial. Under these circumstances, we conclude that disclosure of the informants' identities is not warranted."

Additionally, it is clear that the burden rests with defendant to establish the need for disclosure. *United States v. Fixen, supra; United States v. Varella, supra; United States v. Pantohan* (C.A.9, 1979), 602 F.2d 855; *United States v. Moreno, supra.* Something more than speculation about the possible usefulness of an informant's testimony is required. The mere possibility that the informer might somehow be of some assistance in preparing the case is not sufficient to satisfy the test that the testimony of the informant would be helpful or beneficial to the accused in preparing or making a defense to criminal charges. *United States v. Varella, supra; United States v. Pantohan, supra.*

We note that the case at bar arises out of a pre-trial suppression hearing. The state, in its direct examination, established that the informant's role was that of a mere tipster. Defendant offered no evidence to establish a need for disclosure. In fact, on cross-examination, defense counsel went directly to the question of the informant's identity and never established the proper foundation.

Based upon the foregoing, we hold that the trial court was wrong as a matter of law in ordering disclosure of the informant's identity. Appellant's Assignment of Error No. 1 is affirmed. We note parenthetically that an in camera hearing is not always necessary whenever the identity of an informant is requested. It is not an abuse of discretion to deny a request for an in camera proceeding where the defendant fails to set forth facts which would indicate that disclosure was essential to a fair determination of his cause.

Assignment of Error No. 2 and 3 are closely related and will be discussed together, however, in reverse order.

"Assignment of Error No. 2

"The trial court erred when it failed to exercise its available sanctions to compel the witness to reveal the name of a confidential informant.

"Assignment of Error No. 3

"The trial court erred when it ordered the dismissal of the indictment for failure of the prosecuting attorney to reveal the name of the confidential informant."

For its third assignment of error, appellant essentially states that since it was error to order disclosure, there was no basis for applying the sanction of dismissal. We agree. Having established as a matter of law that disclosure was not mandated, it was obviously prejudicial error to dismiss.

Appellant's second assignment of error argues that even if disclosure were mandated, the court abused its discretion in applying the ultimate sanction of dismissal. Again, we agree. While *Lakewood v. Papdelis* (1987),

32 Ohio St.3d 1, 511 N.E.2d 1138, deals with the exclusion of a defense witness under Crim.R. 16, the rationale utilized by the court is applicable here. A trial court must inquire into the circumstances surrounding a violation of discovery prior to imposing sanctions. Furthermore, a trial court must impose the least drastic sanction possible that is consistent with the interest of justice after balancing the interests of the state and the defendant. Here, the court could have found the witness in contempt and proceeded accordingly. While we do not doubt that dismissal is a proper remedy in an appropriate case, given the fact that disclosure was not warranted herein, we are reluctant to approve such a severe sanction in this instance. Accordingly, appellant's third assignment of error is affirmed.

Wherefore, this matter is reversed and remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

ABELE, J., concurs in judgment and opinion.

STEPHENSON, J., concurs in part.

STEPHENSON, Judge, concurring in part.

I concur in the judgment and opinion except as to the disposition of the second assignment of error. The issue raised therein is essentially made moot by our conclusion that disclosure was not required. To the extent that App.R. 12(A) requires each assignment of error be addressed, I would overrule the assignment of error, assuming, *arguendo*, disclosure was required, on the basis that the dismissal was not an abuse of discretion under the circumstances, particularly in light of the refusal of the prosecution to produce the informant for an in camera inquiry by the court. See *People v. Viramontes* (1978), 85 Cal.App.3d 585, 149 Cal.Rptr. 607; *Florida v. Wells* (Fla.App.1975), 308 So.2d 163.