This is an appeal from a judgment of the Lucas County Court of Common Pleas, following a plea of no contest, which found appellant, Cynthia D. Burcell, guilty of one count of trafficking in cocaine, in violation of R.C. 2925.03 (A), and one count of possession of cocaine, in violation of R.C.2925.11(C) (4) (b).
Appellant sets forth the following two assignments of error on appeal:
"ASSIGNMENT OF ERROR NUMBER 1:
 "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT OVERRULED THE APPELLANT'S
 MOTION TO SEVER PURSUANT TO OHIO CRIMINAL RULE 8(A) AND 14.
"ASSIGNMENT OF ERROR NUMBER 2:
 "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT OVERRULED THE APPELLANT'S MOTION TO REVEAL THE IDENTITY OF A CONFIDENTIAL INFORMANT."
The undisputed facts which are relevant to the issues raised on appeal are as follows. On July 28, 1997, appellant sold 5.16 grams of crack cocaine to a Toledo police officer at 1219 Huron Street, Toledo, Ohio. On August 4, 1997, after receiving a tip from a confidential informant, Toledo police officers obtained a search warrant, executed a search at 1219 Huron Street, and found appellant, a co-defendant, and 3.88 grams of crack cocaine. On August 14, 1997, appellant was indicted by the Lucas County Grand Jury, in a two-count indictment which charged that on July 28, 19917, appellant committed the offense of trafficking in cocaine, and on August 4, 1997, appellant "did knowingly obtain, possess or, use" cocaine.
Appellant entered pleas of not guilty to both counts of the indictment. On September 22, 1997, appellant filed a motion to suppress the evidence that was seized in connection with the charges and, on October 3, 1997, filed motions to disclose the identity of the confidential informant and to sever the two counts of the indictment pursuant to Crim.R. 8(A) and Crim.R. 14.
On October 9, 1997, a hearing was held on appellant's motions to sever and to disclose the identity of the confidential informant. After hearing oral arguments from appellant's trial. counsel and the prosecutor, the court denied those motions and stated that it would rule on appellant's motion to suppress at a later date.
On October 14, 1997, the day appellant's trial was to commence, appellant withdrew her not guilty plea and the motion to suppress, and entered a plea of no contest to each count of the indictment. The trial court then addressed appellant personally and advised her of her constitutional rights and the nature and legal ramifications of her plea. Thereafter, the court accepted appellant's plea and found her guilty of one count of trafficking in cocaine, a fifth degree felony, and one count of possession of cocaine, a fourth degree felony. Because testimony had been presented at the hearing that appellant suffered from mental and emotional problems and drug' abuse, the trial court ordered her to undergo a psychiatric evaluation before sentencing.
On November 10, 1997, a sentencing hearing was held at which the trial court, after reviewing appellant's presentence report and the results of her psychiatric evaluation, [1] sentenced appellant to serve concurrent terms "of 10 months in prison for count 1, and 16 months as to count 2 for a total time of 16 months." On November 25, 1997, appellant filed a timely notice of appeal.
Appellant asserts in her first assignment of error that the trial court erred when it overruled her motion to sever the two counts of the indictment. Appellant argues in support thereof that if both counts of the indictment had been tried together, the facts in support of the first count would have improperly influenced the jury to find her guilty of the second count.
Pursuant to Crim.R. 8(A), two or more offences may be charged in the same indictment, if they "are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." The Supreme Court of Ohio has held that "[j]oinder is liberally permitted to conserve judicial resources, reduce the chance of incongruous results in successive trials, and diminish inconvenience to the witnesses." State v. Schaim (1992), 65 Ohio St.3d 51, 58.
Pursuant to Crim.R. 14, an accused may ask the trial court to sever multiple counts in an indictment. To prevail on a claim that the trial court erred by denying his motion to sever, a defendant has the burden of affirmatively demonstrating:
 "(1) that his rights were prejudiced, (2) that at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial." Id. at 58, citing State v. Torres (1981), 66 Ohio St.2d 340, at the syllabus.
"The term 'abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
As set forth above, the record of proceedings in the trial court consists of counsels' arguments for and against appellant's motions to sever and to disclose the identity of the confidential informant, the hearing at which the trial court accepted appellant's plea, and appellant's sentencing hearing. The record does not contain any evidence to support appellant's claim that she was prejudiced or was otherwise denied a fair trial by the joinder of the two counts in the indictment.
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that appellant has not shown that the trial court abused its discretion when it refused to sever the two charges against her. Accordingly, appellant's first assignment of error is not, well-taken.
Appellant asserts in her second assignment of error that the trial court erred by refusing to grant her motion to disclose the identity of the confidential informant. Appellant argues in support thereof that the confidential informant "may have provided a benefit to the appellant" which would have aided her defense.
An accused is entitled to disclosure of the identity of a confidential informant when "the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." State v. Williams (1983), 4 Ohio St.3d 74, at the syllabus. The defendant has the burden to establish the need for such disclosure. State v. Parsons
(1989), 64 Ohio App.3d 63, 69. In meeting this burden, the defendant must set forth more than mere speculation that "the informer might somehow be of some assistance in preparing the case * * *." Id. The trial court's determination as to whether disclosure of an informant's identity is necessary will not be reversed on appeal absent a finding of abuse of discretion.State v. Feltner (1993), 87 Ohio App.3d 279, 282.
In this case, the prosecutor stated at the pretrial hearing on October 9, 1997, that information provided by the confidential informant was relevant only to the determination of probable cause and the issuance of the search warrants. He further stated that the informant would not have been called as a witness against appellant at trial. As previously stated, appellant withdrew her motion to suppress evidence obtained through the execution of the search warrant when she entered a plea of no contest to the charges in the indictment. Accordingly, the record contains no evidence to support appellant's speculation that the confidential informant might have been useful to her in formulating a defense.
On consideration of the entire record of proceedings in the trial court and the law, this court finds that the trial court did not abuse its discretion by denying appellant's motion to reveal the identity of the confidential informant. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds further that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J. ----------------------- JUDGE
Richard W. Knepper, J. ----------------------- JUDGE
Charles D. Abood, J. CONCUR. ------------------------ JUDGE
Judge Charles D. Abood, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Appellant's presentence report revealed that she had multiple prior criminal convictions as both a juvenile and an adult. Clinical psychologist Alice Holly, who performed appellant's psychiatric evaluation, diagnosed appellant as suffering from paranoid schizophrenia, posttraumatic stress disorder, and cocaine and cannabis dependencies.