OPINION
{¶ 1} This is an appeal by Defendant-Appellant James A. Torrence from his conviction and sentence as to one count of Drug Abuse/Possession of Crack Cocaine.
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 {¶ 3} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
 {¶ 5} The instant appeal shall be considered in accordance with the aforementioned rule.
STATEMENT OF THE FACTS AND CASE
 {¶ 6} On November 3, 2002, Officer Hilles of the Alliance Police Department noticed a vehicle stopped at an intersection with its dome light on and two people leaning down in the front, apparently searching for something on the floor. (T. II. At 142-143).
 {¶ 7} Upon approaching the vehicle and shining his flashlight in through the window, Officer Hilles viewed an open container of beer between the driver's legs. Appellant and the passenger were asked to exit the vehicle. Officer Hilles then searched the vehicle and observed two plastic baggies, one containing two hard white substances and one containing only white residue. These events were captured on videotape. Believing the substance to be crack cocaine, Officer Hilles placed Appellant and his passenger under arrest and transported them to the police station where Appellant was again videotaped.
 {¶ 8} Appellant initially admitted to possession of the baggie containing crack cocaine but then subsequently denied same. (T. II. At 152-153).
 {¶ 9} Appellant's urine was tested and $268.00 in his possession was also confiscated and tested. Both test returned positive results for cocaine.
 {¶ 10} On December 2, 2002, Appellant was indicted on one count of Possession of Cocaine, a fifth degree felony, in violation of R.C. 2925.11(A)(C)(4)(A).
 {¶ 11} On December 27, 2002, Appellant was arraigned. At this arraignment, Appellant was appointed counsel from the Stark County Public Defender's Office.
 {¶ 12} On January 15, 2003, in response to a Motion to Withdraw filed by the Public Defender's office, Appellant was appointed private counsel.
 {¶ 13} A jury trial in this matter commenced on February 11, 2003, continuing into February 12, 2003.
 {¶ 14} The State called only one witness at the trial, Detective James Hilles, the arresting officer.
 {¶ 15} Two videotapes were introduced during Det. Hilles' testimony, without objection.
 {¶ 16} Other exhibits introduced by the State included the laboratory reports showing Appellant's positive urine test for cocaine, U.S. currency which tested positive for cocaine and two unit doses of cocaine removed from Appellant's vehicle.
 {¶ 17} During the defense's cross-examination of Det. Hilles, defense counsel asked Det. Hilles:
 {¶ 18} Atty. Haupt: "Did your investigation show at any time that James Torrence was down at the Elks selling drugs?"
 {¶ 19} Det. Hilles: "Yes".
 {¶ 20} Atty. Haupt: "When was that?"
 {¶ 21} Det. Hilles: "Later on after that."
 {¶ 22} Atty. Haupt: "Who did you talk to?"
 {¶ 23} Det. Hilles: "Confidential informant."
 {¶ 24} Atty. Haupt: "The confidential informant, you mean a snitch?"
 {¶ 25} Det. Hilles: "Yes." (T. II. at 175).
 {¶ 26} Upon further cross-examination, defense counsel inquired as to the identity of the confidential informant, to which the State objected. (T. II. at 185-186). The Court held a bench conference during which the State argued its objection by stating that Appellant was charged with drug possession not trafficking and therefore the confidential informant's name and information were not relevant. Defense counsel requested a mistrial. In response to said request, the trial court responded:
 {¶ 27} "First of all, that information does go to a trafficking charge. You asked the officer to confirm where he got that information. He told you through a confidential informant. The defense opened the door to that line of questioning.
 {¶ 28} "Now, I don't know who the confidential informant is one way or the other. I don't know if the confidential informant would be in danger's way since obviously this is a little far afield of the issue in this case other than it was brought into the case and inserted into the case by defense counsel, so at this point I think the appropriate procedure would be to excuse the jurors so that we could voir dire this witness relative to that particular matter.
 {¶ 29} "But I do want to make it clear and I think the record is perfectly clear that it is the Defendant who inserted this issue into the case.
 {¶ 30}
 {¶ 31} "What I am going to do is take a recess and let you question this witness regarding the information so that I can make an informed judgment as to whether or not that is revealed." (T. II. at 188).
 {¶ 32} Defense counsel then informed the court that he wished to withdraw his question.
 {¶ 33} The trial court then recessed the jury and continued proceedings outside of the hearing of the jury to determine whether a mistrial was appropriate. (T. II. at 190).
 {¶ 34} During these proceedings the Court was informed that Det. Hilles' discussion with the confidential informant was not part of the investigation for which Appellant was on trial and that the State was unaware of the confidential informant.
 {¶ 35} Defense counsel suggested to the trial court that it give a limiting instruction to the jury and proceeded to withdraw his motion for mistrial. (T. II. at 196-198).
 {¶ 36} Upon returning to the courtroom, the jury was instructed to disregard the testimony concerning the confidential informant and not to consider such for any purpose in the case. (T. II. at 200-201).
 {¶ 37} On February 13, 2003, the jury returned a verdict of guilty to said charge. Upon request by Appellant, the trial court immediately proceeded to sentencing and sentenced Appellant to ten months in prison.
 {¶ 38} It is from this conviction and sentence which Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 39} "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION FOR A MISTRIAL WHEN HIS RIGHT TO CONFRONTATION UNDER THE CONFRONTATION CLAUSE OF THE CONSTITUTION OF THE UNITED STATES, SIXTH AMENDMENT, AND THE CONSTITUTION OF THE STATE OF OHIO, ARTICLE I, SECTION10, WERE VIOLATED AS THE STATE'S PRIMARY WITNESS DID NOT DISCLOSE THE NAME OF AN INFORMANT THAT WAS USED SUBSEQUENT TO ARREST IN AN EFFORT TO CORROBORATE CERTAIN FACTS WITHIN THE CHIEF INVESTIGATING OFFICERS [SIC] INVESTIGATION."
 I. {¶ 40} In his sole assignment of error, Appellant claims that the trial court in denying his motion for a mistrial. We disagree.
 {¶ 41} As stated above, a review of the record reveals that Appellant's motion for mistrial was not overruled by the trial court but was instead withdrawn by Appellant.
 {¶ 42} Assuming arguendo that the trial court had in fact overruled said motion, the decision to grant or deny a motion for mistrial rests within the sound discretion of the trial court. State v.Sage (1987), 31 Ohio St.3d 173, 182, 510 N.E.2d 343. This is because the trial court is in the best position to determine whether a mistrial is needed. State v. Glover (1988), 35 Ohio St.3d 18, 19. We will not reverse the trial court's decision to deny the motion for mistrial unless it abused its discretion. State v. Treesh (2001), 90 Ohio St.3d 460, 480,2001-Ohio-4. In order to demonstrate a trial court has abused its discretion in denying a motion for a mistrial, a defendant must show that the trial court's decision was arbitrary, unreasonable, or unconscionable. State v. Nichols (1993), 85 Ohio App.3d 65, 69. A mistrial should not be ordered in a criminal case merely because some error or irregularity has intervened, unless the substantial rights of the accused are adversely affected. Id. "Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible." State v. Franklin (1991), 62 Ohio St.3d 118.
 {¶ 43} Appellant argues the trial court improperly failed to force the disclosure of the name of the confidential informant. This argument lacks merit.
 {¶ 44} The state's privilege of non-disclosure of the identity of a confidential informant is limited by fundamental fairness. The question of disclosure of a confidential informant becomes a balancing of competing interests. The defendant's right to confront his accusers, and the state's right to preserve the anonymity of informants. State v.Phillips (1971), 27 Ohio St.2d 294, 272 N.E.2d 347. Rovario v. UnitedStates (1957), 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639. Thus, the privilege must yield if the defendant demonstrates the identity is either necessary or relevant. State v. Feltner (1993), 97 Ohio App.3d 279.
 {¶ 45} In the case of State v. Williams (1983), 4 Ohio St.3d 74, the Ohio Supreme Court stated that an informant's identity should be disclosed to a defendant when: (1) it is vital to establishing an element of the crime, or (2) would be helpful or beneficial to the accused in preparing or making a defense to criminal charges. Id. at syllabus. The defendant bears the burden of establishing the necessity for disclosure.State v. Parsons (1989), 64 Ohio App.3d 63, 69.
 {¶ 46} Appellant made no such demonstration in this case. Hence, the trial court would not have been acting improperly if it had denied Appellant's motion for disclosure of the identity of the confidential informant. Id.; see also, State v. Parsons (1989), 64 Ohio App.3d 63,69, State v. Williams (1983), 4 Ohio St.3d 74.
 {¶ 47} If the informant's degree of participation is such that the informant is essentially a State's witness, the balance tilts in favor of disclosure. Id. at 76. However, where disclosure is not helpful to the defense, the prosecution need not reveal the informant's identity. Id. The defendant bears the burden of establishing the need for learning the informant's identity. Feltner, supra; State v. Parsons (1989),64 Ohio App.3d 63, 69.
 {¶ 48} Furthermore, we agree with the State that even if the nondisclosure of the confidential informant were error, it was invited error. Under the doctrine of invited error, a party cannot take advantage of an error the party invited or induced. State ex rel. Soukup v.Celebrezze, 83 Ohio St.3d 549, 550, 1998-Ohio-8.
 {¶ 49} Based on the foregoing, Appellant's sole assignment of error is overruled.
 {¶ 50} The decision of the trial court is affirmed.
By: Boggins, J., Gwin, P.J., and Hoffman, J. concur.