JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, the state of Ohio, appeals from the trial court's entry ordering it to disclose the name of a confidential informant in its prosecution of defendants-appellees Norman Holden and Roy Ervin.[1]
Holden and Ervin were indicted for aggravated burglary, burglary, aggravated robbery, and robbery. Ervin was additionally charged with two counts of felonious assault. The charges stemmed from a home-invasion robbery of Gwendolyn Paganelli. Two men forced their way into Paganelli's home at gunpoint, demanding drugs and money. Paganelli was shot in the hand during the robbery.
During a hearing on their motions to suppress, Holden and Ervin learned that a confidential informant had provided police with the name of a man, Thomas Hensley, who was possibly involved in the offenses. Resultantly, police showed Hensley to the victim in a photographic lineup. When the victim did not identify Hensley as a participant in the offenses, but identified Holden and Ervin instead, the police stopped investigating Hensley.
Holden and Ervin subsequently moved for disclosure of the confidential informant's identity. They contended that the informant's testimony would be vital to establishing their respective defenses, which were that they had not committed the crimes, but that Hensley and a now deceased man, Randy Kimberland, had. Holden also filed a notice of alibi, in which he contended that he was at home at the time of the crimes.
Following a hearing on their motions, the trial court ordered defense counsel to submit interrogatories to the confidential informant in an effort to determine the value of the informant's identity to the defense. The confidential informant, together with the police and prosecutor, completed the interrogatories and returned them to the trial court under seal. The trial court then held a second hearing. During this hearing, the state presented testimony from an undercover officer that the confidential informant had worked with police for numerous years and had provided information that had resulted in multiple arrests and convictions. The officer testified that the informant still actively worked with his department and that the informant's life would be in danger should his or her identity be revealed. The trial court ultimately ordered disclosure of the informant's identity.
In its sole assignment of error, the state contends that the trial court abused its discretion by ordering disclosure of the confidential informant's identity. We agree.
It is well settled that a criminal defendant is entitled to disclosure of a confidential informant's identity only where the informant's testimony is either vital to establishing an essential element of the offense charged or helpful or beneficial to the accused in preparing a defense.[2] The defendant bears the burden of showing that his need for the informant's testimony outweighs the government's interest in keeping the identity of the informant secret.[3] Ohio courts have generally denied disclosure where the informant has played only a limited role, such as providing information or tips to the police.[4] Moreover, a defendant's mere hope or speculation that the informant will corroborate his version of events and destroy the state's case is an insufficient basis to overcome the public interest in protecting the informant.[5]
In this case, the informant was not an eyewitness to or a participant in the crimes, and the state does not intend to call the informant as a witness at trial. Thus, the state does not need the confidential informant to establish any elements of the crimes. The informant's role, in our opinion, can only be considered marginal. The informant was merely in possession of street scuttlebutt that Hensley was possibly involved in the home invasion. Acting on the informant's tip, the police showed the victim Hensley's photograph in a lineup. She did not identify Hensley as a participant. Moreover, the informant did not see Hensley commit the crimes. Nor was the informant with Holden or Ervin at the time the crimes were committed. Thus, the informant cannot aid in Holden's alibi defense.
Because the informant did no more than provide information or tips to the police in the preliminary stages of their investigation and because of the speculative nature of the informant's information, the defendants did not demonstrate that their need for disclosure outweighed the state's interest in nondisclosure. Moreover, recognizing that the balance to be struck between the competing interests of the state and the defendant is a delicate one that necessitates a case-by-case analysis, we hold that the trial court abused its discretion in ordering the disclosure of the confidential informant's identity. Consequently, we reverse the trial court's judgment and remand this cause for proceedings consistent with this judgment entry and the law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon JJ.
[1] We granted the state leave to appeal pursuant to R.C. 2945.67.
[2] State v. Brewster, 1st Dist. Nos. C-030034 and C-030025,2004-Ohio-2993, at ¶ 46.
[3] State v. Parsons, (1989), 64 Ohio App.3d 63, 69, 580 N.E.2d 800.
[4] Brewster, supra, at ¶ 47.
[5] Brewster, supra, at ¶ 46.