[Cite as *State v. Levingston*, 2017-Ohio-7032.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOSHUA LEVINGSTON | : | Case No. 17CA6 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Richland County
                                        Court of Common Pleas, Case No.
                                        2016-CR-0650



JUDGMENT:                               Affirmed



DATE OF JUDGMENT:                       July 31, 2017



APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

GARY BISHOP                             JEFFEREY R. STIFFLER
Prosecuting Attorney                    Badnell & Dick Co.. L.P.A.
                                        21 North Walnut Street
By: JOSEPH C. SNYDER                    Mansfield, Ohio 44902
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}   Defendant-appellant Joshua Levingston appeals his conviction and sentence from the Richland County Court of Common Pleas on one count of possession of drugs. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On October 7, 2016, the Richland County Grand Jury indicted appellant on one count of possession of drugs in violation of R.C. 2925.11(A) and (C)(2)(a), a felony of the fifth degree. At his arraignment on November 3, 2016, appellant entered a plea of not guilty to the charge.

{¶3}   Thereafter, a jury trial commenced on January 5, 2017. At the trial, Brent Taylor, a Correctional Officer at Richland Correctional Institution, testified that he had received information that appellant, an inmate, had a narcotic on his person. As a result, appellant was strip searched by Officer Taylor. During the search, a "packet of some sort was in the fly of the boxer shorts" that appellant was wearing. Transcript at 142. Officer Taylor testified that appellant had cut a slit into the fold on the fly of his boxer shorts and that the contraband was located there. The substance was later tested by the crime lab and determined to be Buprenorphine (Suboxone). Officer Taylor testified that appellant also had a piece of paper in his boxer shorts with a series of numbers on it that could be used for the electronic transfer of money. According to Officer Taylor, appellant later thanked him after the drugs were found and did not deny ownership of the drugs or claim that they were planted on him.

{¶4}   During a taped interview with Ohio State Highway Patrol Trooper Charles Jackson, who was investigating the case, appellant indicated that he was a drug addict

and confessed to hiding the drugs in his boxer shorts. Trooper Jackson testified that appellant never claimed that the substance was not his or that it was planted on him.

{¶5} At the conclusion of the evidence and the end of deliberations, the jury, on January 6, 2017, found appellant guilty of possession of Buprenorphine. The jury further found that the Prosecutor proved beyond a reasonable doubt that appellant had a prior conviction for a drug of abuse offense. As memorialized in a Sentencing Entry filed on January 6, 2017, appellant was sentenced to 12 months in prison, to be served consecutively to his other cases.

{¶6} Appellant filed a Notice of Appeal on January 17, 2017. On January 19, 2017, appellant filed a pro se Motion for a New Trial pursuant to Crim.R. 33(A), arguing that he was entitled to a new trial because he was tried before a jury in prison clothes and shackled throughout the trial. This Court, pursuant to a Judgment Entry filed on February 9, 2017, remanded the matter to the trial court to rule on the pending motion. The trial court later denied appellant's motion.

{¶7} Appellant now raises the following assignments of error on appeal:

{¶8} I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO DISCLOSE THE CONFIDENTIAL INFORMANT.

{¶9} II. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO CONTINUE AND, THEREFORE, ALSO VIOLATED DEFENDANT-APPELLANT'S RIGHT TO A FAIR TRIAL UNDER THE FIFTH AND SIXTH AMENDMENTS OF THE U.S. CONSTITUTION, MADE APPLICABLE TO THE STATE OF OHIO BY THE FOURTEENTH AMENDMENT.

{¶10} III. THE DEFENDANT-APPELLANT WAS DEPRIVED [OF] HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL LEVEL.

{¶11} IV.  THE TRIAL COURT COMMITTED PLAIN ERROR BY PROCEEDING WITH TRIAL WHILE DEFENDANT-APPELLANT WAS IN PRISON CLOTHING AND RESTRAINED, THEREBY VIOLATING APPELLANT'S DUE PROCESS RIGHTS TO A FAIR TRIAL.

{¶12} V.  THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION FOR A NEW TRIAL.

I

{¶13}  Appellant, in his first assignment of error, argues that the trial court erred in overruling his Motion to Disclose the Confidential Informant.

{¶14}  Appellant, on January 3, 2017, filed a "Motion to Disclose Identity of Confidential Informant." Appellant, in his motion, specifically sought the name of the inmate who had had informed the Corrections Officer that appellant had drugs on his person.

{¶15}  The Supreme Court of Ohio has held that the identity of a confidential informant must be revealed where his or her testimony is vital to establishing an element of the crime, or would be helpful or beneficial in preparing a defense to criminal charges. *State v. Williams,* 4 Ohio St.3d 74, 446 N.E.2d 779 (1983), syllabus. The burden is on the defendant to establish the need to learn the informant's identity. *State v. Payne,* 6th Dist. Lucas No. L–04–0118, 2005–Ohio–7043, ¶ 41, citing *State v. Parsons,* 64 Ohio App.3d 63, 69, 580 N.E.2d 800 (4th Dist.1989). However, disclosure is not required "where the

informant did not actively participate in the criminal activity, or where the informant's role is that of a mere tipster." (Internal citations omitted.) *Id.*

**{¶16}** In the case sub judice, the informant was not an active participant in the criminal activity involved in this case, but merely acted as a tipster. The inmate merely informed the Corrections Officer that appellant had a controlled substance on his person. We find, therefore, that the trial court did not err in denying appellant's motion.

**{¶17}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶18}** Appellant, in his second assignment of error, contends that the trial court erred in denying appellant's motion for a continuance.

**{¶19}** "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge." *State v. Unger,* 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). Therefore, an appellate court must not reverse a trial court's decision to deny a motion for continuance unless it finds that the trial court abused its discretion. *Id.* The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶20}** Appellant, on January 3, 2017, filed a motion seeking a continuance of the trial scheduled to commence on January 5, 2017.  Appellant, in his motion, indicated that a continuance was necessary so that he could ascertain the identity of the confidential informant "in efforts to make a defense to his criminal charge." The trial court overruled appellant's motion in chambers prior to the commencement of trial.

**{¶21}** Because the trial court, as is stated above, did not err in overruling appellant's motion seeking the identification of the name of the "confidential informant", there was no reason for a continuance of the trial. We find, therefore, that the trial court did not abuse its discretion in denying the motion for a continuance.

**{¶22}** Appellant's second assignment of error is, therefore, overruled.

III

**{¶23}** Appellant, in his third assignment of error, maintains that he received ineffective assistance of trial counsel.

**{¶24}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

**{¶25}** Trial counsel is entitled to a strong presumption all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675, 1998-Ohio-343, 693 N.E.2d 267. In addition, the United States Supreme Court and the

Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697, 104 S.Ct. 2052.

{¶26} Appellant initially argues that his trial counsel was ineffective in failing to prosecute pretrial motions on the record. As is discussed above, prior to trial, appellant filed a motion seeking the identification of the confidential informant and a motion for a continuance of the trial. Prior to defense counsel's opening statement, the following discussion took place:

{¶27} MR CORLEY: The two motions we talked about in chambers, whether they come in after the opening statements - -

{¶28} THE COURT: We did have a discussion in chambers this morning about your motion to continue the trial, and also for the revealing of the person who told the C.O. that the defendant had drugs. I overruled those motions. We will make a more complete record when the jury is not here, but I've overruled both those motions.

{¶29} MR. CORLEY: Thank you, Your Honor.

{¶30} Transcript at 117.

{¶31} A more complete record was never made.

{¶32} As is stated above, we find that the trial court did not err in denying both motions. Moreover, assuming, arguendo, that defense counsel was ineffective in failing to develop the reasons for the denial of the two motions on the record, we cannot say that appellant was prejudiced since appellant confessed to owning the drugs and never indicated that the drugs had been planted on him.

**{¶33}** Appellant also argues that his trial counsel was ineffective in failing to object to appellant being tried in prison clothing and restraints. Appellant notes that, during voir dire, his trial counsel pointed out to the jury that appellant was in a prison jumpsuit and shackled and that it was clear that he had had a run in with the law. Appellant also notes that a prospective juror, during voir dire, indicated that he would be biased because appellant was in an orange prison jumpsuit, had tattoos and had prior drug convictions.

**{¶34}** In *Estelle v. Williams* , 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), the United States Supreme Court held that the State cannot, consistent with Fourteenth Amendment Due Process and Equal Protection rights, compel a defendant to stand trial before a jury while dressed in identifiable prison clothing. However, the failure to object to the court in regard to being tried in prison clothing serves to negate the presence of compulsion by the State needed to show a constitutional violation. See *Estelle* at 512-513.

**{¶35}** There is no evidence in the record that the trial court or the State compelled appellant to wear a prison jumpsuit and shackles during the trial. Rather, the issue before this Court is whether the failure of appellant's trial counsel to object to the court regarding appellant's prison garb and shackles constitutes deficient performance and, if so, whether it prejudiced appellant's case. As noted by the court in *Estelle* at 508, "it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury." We decline to second guess defense counsel's decision. Moreover, in view of the overwhelming evidence at trial of appellant's guilt, we cannot say that appellant suffered any prejudice.

**{¶36}** In addition, after the prospective juror made comments about appellant's prison jumpsuit, the trial court emphasized to both that juror, who was not seated on the jury, and the other jurors the importance of remaining impartial and requiring the State to prove appellant's guilt beyond a reasonable doubt. Finally, as noted by appellee, "all of the relevant facts revolving around this case took place in a prison, Even if the Appellant appeared at trial wearing civilian clothes, the jury would still be very much aware that he was recently incarcerated in a prison and was likely still so incarcerated."

**{¶37}** Appellant's third assignment of error is, therefore, overruled.

IV

**{¶38}** Appellant, in his fourth assignment of error, argues that the trial court committed plain error by proceeding with trial while appellant was in prison clothing and restrained.

**{¶39}** Because trial counsel did not object to appellant being tried in prison attire or request that appellant be permitted to change into other clothing for trial, we may not reverse the conviction unless we find plain error. In criminal cases, plain error is governed by Crim. R. 52(B), which states: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An alleged error "does not constitute a plain error ... unless, but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus. The Supreme Court has repeatedly admonished that this exception to the general rule is to be invoked reluctantly. "Notice of plain error under Crim.

R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

**{¶40}** In the case sub judice, appellant was not compelled to wear jail clothing during the trial. In fact, there is no objection to appellant's attire or restraints on the record. See *Estelle*, supra. We find no plain error.

**{¶41}** Appellant's fourth assignment of error is, therefore, overruled.

V

**{¶42}** Appellant, in his fifth assignment of error, contends that the trial court erred in overruling his pro se Motion for a New Trial pursuant to Crim.R. 33(A).

**{¶43}** Crim.R. 33 states, in pertinent part, as follows: "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial."

**{¶44}** A motion for a new trial made pursuant to Crim.R. 33 is addressed to the sound discretion of the trial court and may not be reversed unless we find an abuse of discretion. *State v. Schiebel,* 55 Ohio St.3d 71, 75, 564 N.E.2d 54 (1990). An abuse of discretion implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. *State v. Sage,* 31 Ohio St.3d 173, 182, 510 N.E.2d 343 (1987).

**{¶45}** Appellant filed a pro se motion seeking a new trial pursuant to Crim.R. 33(A), contending that his due process rights were violated when he was tried before a jury in his prison clothes and shackled throughout the trial proceedings. Appellant, in his motion, claimed that his trial counsel had purchased civilian clothing for him prior to trial

and that he was not permitted to change into the same. He further asserted that he was denied the effective assistance of trial counsel when his trial counsel failed to object to proceeding to trial with appellant in prison clothing and shackles.

**{¶46}** For the reasons set forth above in our discussion of appellant's previous assignments of error, we find that the trial court did not abuse its discretion in denying appellant's motion. The trial court's decision was not arbitrary, unconscionable or unreasonable.

**{¶47}** Appellant's fifth assignment of error is, therefore, overruled.

**{¶48}** Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.