[Cite as *State v. Travis*, 2018-Ohio-2130.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105592**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MARIO C. TRAVIS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-606247-A

**BEFORE:** Laster Mays, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 31, 2018

-i-

**ATTORNEYS FOR APPELLANT**

Steven L. Bradley
Michael I. Marein
Marein and Bradley
526 Superior Avenue
222 Leader Building
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:     Amy Venesile
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, P.J.:

{¶1} Defendant-appellant, Mario C. Travis ("Travis"), appeals his convictions for drug trafficking and related counts.   We affirm the trial court's judgment.

{¶2}   On May 11, 2016, Travis was arrested during a drug operation using a confidential informant ("CI") at a hotel located in Brookpark, Ohio.   The CI placed recorded calls from the hotel to several known heroin dealers in the presence of detectives and officers to arrange a transaction.   Travis offered to sell three to four grams of heroin to the CI for $500, and stated he was only 15 minutes from the hotel.

{¶3}   The CI provided a description of Travis to the police detectives present.   Travis arrived with another male, who remained in Travis's vehicle, at approximately 9:30 p.m. Travis

went to the designated hotel room and the police immediately secured Travis and asked him if he had anything on him. Travis allegedly stated that he had drugs in his possession, and was found to have drugs, a scale, and money.

{¶4} Officers conducted a warrantless search on Travis's car that was lawfully parked in the hotel lot. The individual waiting in the vehicle was arrested, and additional contraband was located.

{¶5} Travis was charged with two counts of drug trafficking (R.C. 2925.03(A)(2)), two counts of drug possession (R.C. 2925.11(A)), and one count of possessing criminal tools (R.C. 2923.24(A)). On June 1, 2016, Travis entered a plea of not guilty. On August 31, 2016, defense counsel filed a motion to suppress physical evidence and post-arrest statements, and on September 30, 2016, a motion to disclose the identity of the CI was filed. An oral hearing was held on December 19, 2016, on all motions and, on December 22, 2016, the trial court denied the motions.

{¶6} On February 21, 2017, Travis entered a plea of no contest and was found guilty of all charges. He was sentenced to a four-year term of incarceration. Travis timely appeals. We affirm the trial court's findings.

## II. Assignments of Error

{¶7} Travis presents three assigned errors:

I. The trial court committed reversible error in denying appellant's motion to disclose the identity of the informant where disclosure was relevant and helpful to the appellant in preparing for and receiving a fair trial.

II. The trial court committed reversible error in denying appellant's motion to suppress the search of appellant's person where police lacked probable cause to arrest appellant.

III. The trial court committed reversible error in denying appellant's motion to

suppress the search of his vehicle where the search was not incident to his arrest nor a search premised upon probable cause.

We address the errors sequentially below.

### A. Disclosure of Informant's Identity

**{¶8}** Travis first argues that the trial court's denial of the motion to disclose the identity of the CI constitutes error. We disagree.

**{¶9}** We will not reverse a trial court's judgment as to the necessity of disclosing a CI's identity absent an abuse of discretion. *State v. Evans*, 8th Dist. Cuyahoga No. 101485, 2015-Ohio-1022, ¶ 26, citing *State v. McKoy*, 8th Dist. Cuyahoga No. 93363, 2010-Ohio-522, ¶ 10.

**{¶10}** The burden of establishing a need for disclosure falls on the defendant. *Evans* at ¶ 25.

> An accused is entitled to disclosure of the identity of a CI when "the testimony of the CI is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." *State v. Williams,* 4 Ohio St.3d 74, 446 N.E.2d 779 (1983), syllabus; accord *Roviaro v. United States*, 353 U.S. 53, 60-62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). However, the decision whether to order disclosure of [a] CI's identity involves the balancing of competing interests. The trial court must balance the accused's right to confront and cross-examine his accusers against the public interest in protecting the flow of information regarding criminal activity to law enforcement. *Williams* at 75. In making this determination, the court must consider "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro* at 62.

*Evans* at ¶ 24.

**{¶11}** The state argued that the testimony was not vital to the establishment of an element of the offense or helpful to Travis in preparing a defense. The state also argued that there were concerns for the CI's safety.

{¶12}   Travis argues that the CI is the only witness that might be able to contradict police testimony regarding what took place before, during, and after the telephone call and whether the CI provided a description of Travis to officers prior to arrival. The recordings of the conversations between the CI and Travis were provided to Travis during discovery, establishing that Travis was coming to the hotel to meet with the CI to sell heroin.[1]

{¶13} "[M]ere speculation that the CI's identity might be helpful is insufficient to meet the defendant's burden of establishing the need for disclosure." *Evans*, 8th Dist. Cuyahoga No. 101485, 2015-Ohio-1022 at ¶ 27, citing *State v. Parsons*, 64 Ohio App.3d 63, 69, 580 N.E.2d 800 (4th Dist.1989). Travis has not demonstrated that his "need for disclosure outweighed the public interest in maintaining the free flow of information about criminal activity to the police." *Id*. at ¶ 27.

{¶14}   We do not find that the trial court abused its discretion in denying the motion to reveal the CI's identify. This assignment of error is without merit.

### B.    Motion to Suppress Travis's Arrest and Statement

{¶15}   Travis's second assigned error challenges the denial of the motion to suppress. We find no merit to the argument.

{¶16}   "'Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.'" *State v. Terry*, 8th Dist. Cuyahoga No. 91501, 2009-Ohio-1690, ¶ 10, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. As an appellate

---

[1] Det. Vargas of the Cuyahoga County Sheriff's Department testified that, during the takedown at the time of arrest, Travis and the CI actually saw each other and that Travis knew the CI's identity. The state offered that it was not required to provide a full name and address.

court, we "'must accept the trial court's findings of fact if they are supported by competent, credible evidence.'" *Id.* A de novo standard of review is applied to determine whether the legal standard has been satisfied and is supported by the facts. *Id.* at ¶ 11, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997); *State v. Lloyd*, 126 Ohio App.3d 95, 709 N.E.2d 913 (7th Dist.1998).

{¶17} "It is well settled law that warrantless searches are presumptively unreasonable under the Fourth Amendment to the United States Constitution, subject to certain exceptions." *State v. Burks*, 8th Dist. Cuyahoga No. 92736, 2010-Ohio-658, ¶ 11, citing *Coolidge v. New Hampshire*, 403 U.S. 443, 454-455, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). "The four exceptions to the warrant requirement are: (1) an emergency situation; (2) search incident to an arrest; (3) hot pursuit; and (4) easily destroyed or removed evidence." *Id.*

{¶18} Further,

> [A] police officer may effect a warrantless arrest if, at the time of the arrest, the facts and circumstances within the officer's knowledge were sufficient to warrant a prudent person to believe that the suspect had committed an offense. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Probable cause for a warrantless arrest exists when the officer has sufficient information from his own knowledge or a reliable source to merit a reasonable belief that the accused has committed a felony. *State v. Timson*, 38 Ohio St.2d 122, 127, 311 N.E.2d 16 (1974). "A warrantless arrest does not require the officer's absolute knowledge that a crime has been committed; it requires only a reasonable belief based on the totality of the circumstances." *State v. Mowler*, 8th Dist. Cuyahoga No. 100019, 2014-Ohio-831, ¶ 14.

*State v. Edmonds,* 8th Dist. Cuyahoga No. 104528, 2017-Ohio-745, ¶ 25.

{¶19} Detective Vargo ("Det. Vargo") of the Cuyahoga County Sheriff's Department testified at the disclosure and suppression hearing. The sheriff's department was conducting a "buy-bust" operation at the Brookpark hotel in connection with Parma Heights and Brookpark police departments. (Tr. 29.) The CI was instructed to call her known drug dealer from whom

she purchased drugs in the past to order drugs and have the dealer bring them to the hotel. The CI identified the dealers by "street names, physical descriptions" and vehicles. (Tr. 30.)

{¶20} The CI provided Travis's information to the team of ten officers on site for the purpose of officer safety. Travis called the CI when he arrived at the hotel and received instructions on entering the hotel.

{¶21} The CI, Det. Vargo, and a Parma police sergeant were in the room with the CI during the telephone calls. "The arrest team was directly across the hall" which allowed them to "catch [suspects] off guard." (Tr. 31-32.) "We like to come up behind them and grab them so they can't reach for anything with their arms." (Tr. 32.) Officers were also located in the parking lot.

{¶22} Suspects were not allowed to come into contact with the CI for the CI's protection. The door to the room across the hall where the police were stationed was slightly ajar. Travis knocked on the door and dropped to the floor as he was arrested. At that moment, he and the CI looked directly at each other. Travis was taken into the room across the hall and the CI was allowed to leave the premises.

{¶23} According to Travis, the alleged recording of his call to say that he had arrived at the hotel was not produced. Det. Vargo confirmed that there were equipment issues. There was no reference in Det. Vargo's report about the call. Travis also inquired as to what descriptive information the CI provided to allow his identification. The descriptive information is also omitted from the report. Drug-bust operations at the hotel continued after Travis's arrest.

{¶24} Detective Joseph Goudy ("Det. Goudy"), also with the Cuyahoga County Sheriff's Department, was involved with "takedown and processing" at the scene. (Tr. 72.) Officers radioed that Travis exited an SUV and entered a stairwell to the second floor of the

hotel. (Tr. 73.) Det. Goudy was watching through the peephole from the room across the hall. Travis knocked on the designated door and was promptly taken into custody and patted down. The drugs, scale, and money were located. Det. Goudy did not prepare a report.

{¶25} We disagree that probable cause was lacking to arrest and search Travis in this case. A description of Travis was given to the officers. Travis arrived at the hotel close to the time that he had given the CI. The officers observed Travis exit the vehicle and go to the designated room. Based on the totality of the circumstances, the officers had a reasonable belief that a crime had been committed. The denial of the motion to suppress on this issue is affirmed.

{¶26} The appellant's second assignment of error is overruled.

### C.  Motion to Suppress Search of the Vehicle

{¶27} After Travis was arrested and contraband discovered, officers checked his vehicle for drugs or weapons and to identify the male remaining in the vehicle. The car was lawfully parked in the hotel lot. The male occupant was patted down and a warrant check was conducted. Det. Vargas testified that the reason for searching the vehicle was to inventory the contents prior to towing it incident to the arrest.

{¶28} The question before us is whether the police lawfully searched Travis's vehicle, allegedly to conduct an inventory of the vehicle prior to towing. The vehicle was lawfully parked in the hotel parking lot after Travis had been arrested inside the hotel.

{¶29} The state argues that the search was valid because it was based on a reasonable belief that the vehicle contained contraband, based on *State v. Welch*, 18 Ohio St.3d 88, 480 N.E.2d 384 (1985), citing *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and *State v. Kessler*, 53 Ohio St.2d 204, 208, 373 N.E.2d 1252 (1978). The state also argues that it legally conducted an inventory search pursuant to standard police procedure on an

impounded automobile to protect the owner's property while in police custody. *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 22.

**{¶30}** Travis relies on *Leak* to support his position that the search was unlawful. *Leak* is distinguishable. *Leak* "was arrested on a warrant following a domestic violence incident. Immediately prior to his arrest, he was a passenger in a car legally parked on a public street." *Id*. at ¶ 1. Leak was removed from the car and placed in a police car. *Id*. at ¶ 6. The arresting officer returned to the car to check for outstanding warrants on the driver and remaining passenger but there were no warrants. After requesting a tow of the vehicle, the officer "conducted an inventory search of the car" and located a handgun that Leak admitted was his. *Id.*

**{¶31}** The court determined that "the arrest of a recent occupant of a legally parked vehicle does not, by itself, establish reasonableness to justify a warrantless search of the vehicle." *Id*. at ¶ 2. The officer insisted that he had the right to tow the vehicle because he believed it belonged to Leak and it was standard procedure to have an inventory search conducted. He also stated he was looking for evidence of the domestic violence since he did not know where the act occurred. *Id*. at ¶ 7.

**{¶32}** The *Leak* court acknowledged

[i]t is not unreasonable under the Fourth Amendment for a law-enforcement officer to search a vehicle without a warrant when a recent occupant of the vehicle has been arrested and (1) the arrestee is unsecured and within reaching distance of the vehicle or (2) it is reasonable to believe the vehicle contains evidence of the offense that led to the arrest. [*Arizona v*.] *Gant*, [556 U.S. 332], 343, [129 S.Ct. 1710, 173 L.Ed.2d 485 (2009].

*Id*. at ¶ 16.   The court determined that the officer's explanation was simply too speculative to demonstrate a reasonable belief that the vehicle contained evidence of the offense.   *Id*. at ¶ 18-19.

{¶33}   We find that the search in this case was lawfully conducted.   Travis was arrested with contraband on his person and he was observed exiting the driver's side of the vehicle in the parking lot.   When Travis was arrested, contraband was found on his person.   It is reasonable to believe that the contraband was transported in the vehicle and that additional contraband might be present.   Therefore, it was reasonable to believe the vehicle contained evidence of the offense that led to the arrest.   *Leak* at ¶ 16.

{¶34}   The third assignment of error is without merit.

## III.    Conclusion

{¶35} The trial court's judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR