DECISION AND JUDGMENT ENTRY
{¶ 1} On the afternoon of May 20, 2003, Trooper Craig Franklin of the Ohio State Highway Patrol received a report from dispatch indicating that the driver of a motor vehicle that was leaving Bergman's Orchard on St. Rt. 53 was "visibly intoxicated." The dispatcher stated the driver was operating a blue KIA automobile and provided the trooper with the vehicle's license plate number. This information was derived from a call made by an employee at Bergman's Orchard. At the time that Trooper Franklin received the "tip," he was not told the name of the employee. However, the employee's name was provided during the course of the proceedings below.
 {¶ 2} The trooper located the blue KIA stopped at a red light at the intersection of St. Rt. 53 north and State Road and stopped directly behind the vehicle. While waiting for the traffic light to change, Franklin verified that the license plate on the KIA was same as that broadcasted by dispatch. The trooper followed the KIA for a short distance before activating his overhead lights and stopping the automobile. During that period, he did not notice any violations of motor vehicle law. Trooper Franklin stopped the vehicle solely on the information received from the dispatcher. At some point, Franklin contacted Trooper Kent Jeffries and requested back up.
 {¶ 3} The officer walked to the stopped car and asked the driver, appellant, Mahlon B. Massie, for his driver's license. Appellant responded that he did not have a driver's license. As he was speaking to appellant, Franklin noticed that Massie's eyes were bloodshot and glassy and that he was slurring his speech. At that point, the trooper removed appellant from the motor vehicle and noted that he was "very unsteady on his feet." Franklin also smelled the strong odor of alcohol emanating from appellant's person.
 {¶ 4} After Trooper Franklin placed Massie in the front seat of his patrol car, Trooper Kent arrived and took over the investigation. He also observed that appellant had the strong odor of alcohol about him, had glassy eyes and slurred speech, and was unsteady. When Kent asked appellant to perform field sobriety tests, he refused. Kent then placed appellant under arrest for driving while under the influence of alcohol, a violation of R.C. 4511.19(A)(1).
 {¶ 5} Appellant filed a motion to suppress all evidence obtained as the result of the stop of his motor vehicle. He asserted that Trooper Franklin lacked a reasonable suspicion of criminal activity to engage in an investigative stop, that Trooper Kent lacked probable cause to arrest him, and that any statements that he made should be suppressed as violative of his Fifth Amendment right against self-incrimination.
 {¶ 6} After holding a hearing, the trial court denied appellant's motion to suppress. Appellant changed his former plea of "not guilty" to "no contest." The municipal court found that appellant was guilty of operating a motor vehicle while under the influence of alcohol and sentenced him to 180 days in jail and a $750 fine. The court also suspended appellant's motor vehicle operator's license for a period of five years. Appellant appeals this judgment and contends:
 {¶ 7} "I. The court committed prejudicial error in denying the defendant's motion for separation of witnesses."
 {¶ 8} "II. The court denied the defendant the right to confront and cross examine the witnesses against him."
 {¶ 9} "III. The court committed prejudicial error in denying the defendant's motion to dismiss or suppress evidence."
 {¶ 10} In his Assignment of Error No. I, appellant maintains that the trial court erred by partially denying his motion for a separation of witnesses at the suppression hearing. Appellant asked for the separation of witnesses so that Trooper Franklin and Trooper Kent would "testify independently of each other." Relying on Evid.R. 615(B), the trial court ruled that if Trooper Franklin testified first, Trooper Kent, as the complaining party, could remain in the courtroom. However, the court also stated that if Trooper Kent would testify first, Trooper Franklin would be excluded from the courtroom. The prosecution opted to present testimony from Trooper Franklin first. Thus, Trooper Kent was permitted to remain in the courtroom during the former's testimony.
 {¶ 11} Pursuant to Evid.R. 615, a court must order a separation of witnesses upon a party's motion. However, a separation order shall not exclude the following individual from the courtroom: "* * * an officer or employee of a party which is not a natural person designated as its representative by its attorney, * * *." Evid.R. 615(B)(2). Of course, the state is not a natural person. State v. Amill (Sept. 24, 1999), 7th Dist. No. 96-CA-48. Therefore, in a criminal prosecution, a representative of the state, for example, a law enforcement officer, may assist the prosecutor during trial and may remain in the courtroom when a separation of the witnesses is ordered. State v. Fuller (Sept. 26, 1997), 8th Dist. No. C-960753, affirmed, State v. Fuller (1998),83 Ohio St.3d 108. This is true even if the representative is a witness. Id. Accordingly, appellant's Assignment of Error No. I is found not well-taken.
 {¶ 12} Appellant's Assignments of Error Nos. II and III are inextricably intertwined and shall be considered together. These assignments involve a determination of whether, at a suppression hearing, the Confrontation Clause of the Sixth Amendment to the United States Constitution bars a law enforcement officer from giving hearsay testimony as to the information provided by an informant to a police radio dispatcher. In the present case, that information was the sole basis for the investigatory stop of appellant, Mahlon Massie.
 {¶ 13} Appellant argues that his conviction is bottomed on two hearsay reports-the first from an unidentified informant to the dispatcher and the second from the dispatcher to the troopers. He asserts that neither the informant nor the dispatcher were produced at the suppression hearing to be cross-examined. Appellant cites to Washington v. Crawford (2004),541 U.S. 36, to claim that permitting the use of "testimonial hearsay" at a suppression hearting violates the Confrontation Clause. He therefore claims that without the impermissible hearsay, the prosecution failed to meet its burden to establish constitutional justification for the stop of his motor vehicle.
 {¶ 14} As a general principle, a court may consider hearsay testimony at a suppression hearing. United States v. Raddatz (1980), 447 U.S. 667,679 (Citations omitted.). Under Ohio law, hearsay evidence in the form of a report of suspected criminal activity from a dispatcher to a law enforcement officer may act as an officer's sole support for an investigatory stop. Maumee v. Weisner, 87 Ohio St.3d 295, 1999-Ohio-68, paragraph one of the syllabus. Despite appellant's arguments to the contrary, we conclude that the United States Supreme Court's decision inCrawford does not affect the foregoing established rule.
 {¶ 15} In Crawford, the tape recorded statement of the defendant's wife, who did not testify at trial, was played for the jury. The United States Supreme Court reversed the defendant's conviction, finding that when such evidence at trial is at issue, the Sixth Amendment to the United States Constitution requires that the witness be unavailable and that a prior opportunity existed for cross-examination of that witness. Id. at 53.
 {¶ 16} In reaching its decision, the high court abrogated the rule set forth in Ohio v. Roberts (1980), 448 U.S. 56, that allowed, at trial, the admission of an unavailable witness's statement against a criminal defendant so long as it contained adequate indicia of reliability.Crawford at 41, citing Roberts at 65. Pursuant to Roberts, the statement was required to be a "firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness. Roberts at 66. According to Justice Anthony Scalia, permitting the law of evidence to regulate "out-of-court statements introduced at trial depends upon `the law of Evidence for the time being'" thereby rendering the "Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices."Crawford at 51 (Citation omitted.). Because Crawford clearly applies to situations occurring at trial and does not overrule Raddatz on the question of the admissibility of hearsay during a suppression hearing, we find that the rule of law set forth in Crawford is inapplicable to the case under consideration. Appellant's Assignments of Error Nos. II and III are found not well-taken.
 {¶ 17} This court finds that appellant was not prejudiced or prevented from having a fair hearing, and the judgment of the Ottawa County Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.
Judgment affirmed.
Handwork, J., Skow, J., Parish, J. concur.