OPINION *Page 2 
{¶ 1} Appellant Dale Miller appeals from the denial of his motion to suppress evidence in the Court of Common Pleas, Guernsey County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 14, 2006, as part of drug enforcement operation conducted by the Cambridge Police Department utilizing a confidential informant, officers executed a search warrant at a residence located at 522 Whitaker Road. At that time, police officers found powdered cocaine and $1,011.00 in U.S. currency in appellant's pockets. Appellant was discovered in the bathtub, and was thereupon arrested. Police officers had entered the residence following the issuance of a search warrant pertaining to James Blankenship, the purported "resident" of the property known as 522 Whitaker Road.
 {¶ 3} On October 3, 2006, the Guernsey County Grand Jury indicted appellant on one count of possession of cocaine, a felony of the fourth degree, with a forfeiture specification, and one count of trafficking in cocaine, a felony of the fifth degree, also with a forfeiture specification.
 {¶ 4} On October 25, 2006, appellant filed a motion to suppress the evidence seized at the time of appellant's arrest on September 14, 2006. The trial court conducted a hearing on said motion on November 20, 2006. Via a judgment entry filed November 27, 2006, the trial court denied appellant's request to suppress the seized evidence.
 {¶ 5} On December 16, 2006, appellant appeared before the court and entered a plea of no contest to the charge of trafficking in cocaine (count two). As part of the *Page 3 
plea agreement, count one was dismissed. On January 31, 2007, following a hearing, appellant was sentenced to nine months in prison, with a forfeiture of $1,011.00 in cash.
 {¶ 6} On February 27, 2007, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO SUPPRESS WHERE THE SEARCH WARRANT AND AFFIDAVIT CONTAINED MATERIALLY FALSE STATEMENTS, WHICH WERE NECESSARY FOR A FINDING OF PROBABLE CAUSE, AND WERE MADE BY THE POLICE WITH RECKLESS DISREGARD FOR THE TRUTH.
 {¶ 8} "II. THE TRIAL COURT ERRED BY ALLOWING THE POLICE TO TESTIFY DURING THE SUPPRESSION HEARING REGARDING STATEMENTS MADE TO THE POLICE BY A CONFIDENTIAL INFORMANT, IN VIOLATION OF THE DEFENDANT'S CONFRONTATION RIGHTS PURSUANT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 I. {¶ 9} In his First Assignment of Error, appellant contends the trial court erred in denying his motion to suppress the results of the search warrant. We disagree.
 {¶ 10} The Fourth Amendment to the United States Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * *." The United States Supreme Court has held that " `[a]t the very core [of theFourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.' " *Page 4 
(Brackets sic.) Payton v. New York (1980), 445 U.S. 573, 589-590,100 S.Ct. 1371, 63 L.Ed.2d 639, quoting Silverman v. United States (1961),365 U.S. 505, 511, 81 S.Ct. 679, 5 L.Ed.2d 734. " * * * [E]vidence obtained as a result of the execution of a search warrant must be excluded if the warrant was based upon an affidavit containing deliberate misstatements of fact only if those misstatements are essential to the determination of probable cause to search. * * * [I]f the material that is the subject of the alleged falsity is set aside and `what is left is sufficient to sustain probable cause, the inaccuracies are irrelevant.' " State v. Hill (Dec. 2, 1993), Cuyahoga App. No. 65145, (emphases deleted), citing Franks v. Delaware (1978), 438 U.S. 154, 171, fn. 8
 {¶ 11} Furthermore, in appeals raising search warrant issues, " * * * it is clear that reviewing courts may not substitute their own judgment for that of the issuing magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which the reviewing court would issue the search warrant. On the contrary, reviewing courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." State v.George (1989), 45 Ohio St.3d 325, 330, 544 N.E.2d 640, citingIllinois v. Gates (1983), 462 U.S. 213, 237, fn. 10, 103 S.Ct. 2317,76 L.Ed.2d 527.
 {¶ 12} Appellant in the case sub judice specifically contends that the affidavit which had supported the search warrant contained the erroneous statement that 522 Whitaker Avenue was the residence of James Blankenship, and omitted information that *Page 5 
appellant was purchasing the residence by means of a land contract.[1] Appellant argues that this information gave the issuing judge the impression that Blankenship, the focus of the investigation, had a permanent connection to the residence and would likely be at home with contraband. Likewise, appellant maintains, the issuing judge may have questioned the need for a search warrant pertaining to Blankenship had the judge been aware that appellant was actually residing at and purchasing 522 Whitaker by land contract.
 {¶ 13} Upon review, however, we find the ultimately mistaken or omitted statements made to the issuing judge regarding ownership and residency of the house would not mandate reversal of the trial court's denial of the suppression motion. The police officer who had obtained the search warrant testified that two tape-recorded drug buys from Blankenship took place at the residence after the officer drove the confidential informant to 522 Whitaker. Tr. at 29-30. The officer observed the confidential informant go up to the house's porch on September 13 and 14, 2006, and listened to the recordings of the drug buys at the house. Tr. at 30. It was therefore within the parameters of the trial court's authority as the trier of fact at the suppression hearing to conclude that probable cause existed for the search, despite the original police misstatements pertaining to Blankenship's "residency."
 {¶ 14} Accordingly, appellant's First Assignment of Error is overruled. *Page 6 
 II. {¶ 15} In his Second Assignment of Error, appellant argues the trial court erred and violated his constitutional right to confrontation by permitting police testimony, at the suppression hearing, concerning out-of-court statements made by the confidential informant. We disagree.
 {¶ 16} In Crawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354,158 L.Ed.2d 177, the United States Supreme Court held that testimonial statements of a witness who does not appear at trial may not be admitted or used against a criminal defendant unless the declarant is unavailable to testify and the defendant has had a prior opportunity for cross-examination.
 {¶ 17} Appellant contends the out-of-court statements of the confidential informant offered by the police officer at the suppression hearing are "testimonial" under Crawford; however, "[t]he right to confrontation, which includes the right to physically face and cross-examine witnesses, is not a constitutionally compelled rule of pretrial proceedings." State v. Dunn, Washington App. No. 03CA47.2004-Ohio-2883, ¶ 11, citing Pennsylvania v. Ritchie (1987),480 U.S. 39, 52-53, 107 S.Ct. 989, 94 L.Ed.2d 40. Although this appears to be a question of first impression in this Court, the Sixth District Court of Appeals has concluded that the rule of Crawford applies to the actual criminal trial, not to a suppression hearing. See State v. Massie, Ottawa App. No. OT-04-007, 2005-Ohio-1678, ¶ 16. Upon our review ofCrawford and its progeny, we decline to extend the rule to pretrial suppression hearings under the circumstances of the case sub judice. *Page 7 
 {¶ 18} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 19} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.
By: Wise, J.
Farmer, P. J., and
 Edwards, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] According to his suppression hearing testimony, appellant had entered into a land contract with owners Raymond and Michelle Siefert on March 5, 2005, and he had lived in the house since that time. Tr. at 7-8. *Page 1