GERALD E. RADCLIFFE, J., of the Ross County Court of Common Pleas, sitting by assignment.

The **STATE** of Ohio, Appellee,

v.

**PARSONS**, Appellant.

[Cite as *State v. Parsons* (1990), 68 Ohio App.3d 323.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP-51.

Decided June 28, 1990.

Michael Miller, Prosecuting Attorney, and Joyce S. Anderson, for appellee.

Thomas M. Tyack & Associates Co., L.P.A., and Thomas M. Tyack, for appellant.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of John L. Parsons, appellant, from a judgment of the Franklin County Court of Common Pleas convicting him of three counts of unlawful possession of a dangerous ordnance, in violation of R.C. 2923.11 and 2923.17. As a result of a homicide, police officers obtained search warrants from Municipal Court Judge Richard Sheward, and searched appellant's residence, and two motor vehicles. The officers confiscated from appellant's residence a .12 gauge shotgun, a silencer, and certain chemicals. Appellant filed a motion to suppress this evidence; however, after a hearing, appellant's motion was overruled.

A motion to sever the various counts charged against appellant was sustained. The first three counts, relating to allegations of aggravated murder and aggravated arson, were tried separately and resulted in a hung jury. During the introduction of evidence at this trial, appellant's counsel concluded that certain factual allegations which were made in the affidavit used to obtain the search warrants were false, or given with reckless disregard to the truth. Appellant's counsel approached the issuing magistrate, the Honorable Richard Sheward, and asserted these certain factual allegations as false. Judge Sheward indicated that had he interpreted the information as suggested by appellant's counsel, he would not have issued the search warrant.

In a related matter, the companion case *United States v. Parsons* (C.A.6, 1990), 899 F.2d 15, which is a federal court case filed against appellant based upon the same search and seizure, Judge Sheward testified at the suppression hearing that, but for the language, he would not have signed the search warrants. The police officer who wrote and signed the affidavit also testified at the hearing and gave an explanation as to what he meant. In reviewing the district court's finding, the Sixth Circuit agreed that appellant failed to show that the police officer's statement was made as a knowingly false statement or a statement made in reckless disregard for the truth.

In the matter herein, appellant's counsel filed a motion to reopen the suppression hearing. This motion was denied and, thereafter, the appellant entered a no contest plea to the three counts against him relating to the unlawful possession of a dangerous ordnance. Subsequently, appellant was convicted of these charges and now asserts the following two assignments of error:

"Assignment of Error No. I

"The trial court erred in overruling defendant's motion to reopen the hearing on the previously filed motion to suppress based on information

developed after the original hearing which demonstrated that, in fact, the affidavit submitted to the issuing magistrate was false in certain critical aspects causing the magistrate to issue the warrant.

"Assignment of Error No. II

"The trial court erred in overruling defendant's motion to suppress based on the fact that the warrant in question failed to particularly describe the items being sought, and, in fact, authorized a general search."

In his first assignment of error, appellant asserts that the trial court erred in overruling appellant's motion to reopen the suppression hearing. Appellant takes issue with the following language set forth in the police officer's affidavit which was attached to the search warrant:

"Through the course of this investigation, it was disclosed to this affiant that a vehicle was observed in the area of the scene of this homicide and the description given of the driver matches that of John Parsons. Further the description of the vehicle seen in the area of the homicide matches that of a vehicle John Parsons has access to, that being a 1984 Oldsmobile, maroon in color, Ohio License Number 758–QMZ. This vehicle registers to Parson's wife, and was observed sitting in the driveway of Parsons' residence at 6759 Bowerman Street West, Worthington, Ohio 43085."

At the trial on the aggravated murder and aggravated arson charges, appellant purports that there was no witness testimony that placed a 1984 maroon Oldsmobile, Ohio license No. 758–QMZ at the scene. Consequently, appellant deduces that the statement made in the police officer's affidavit is false. Furthermore, in the federal companion case,[1] the magistrate who issued the search warrants, Judge Richard Sheward, testified that at the time he issued the search warrants, he interpreted the language regarding the Oldsmobile to mean that there was a witness who observed a 1984 maroon Oldsmobile, with Ohio license No. 758–QMZ, at the scene.

■ The issue presented by appellant's first assignment of error is whether the magistrate, Judge Sheward, at the time he made his initial decision, had a substantial basis for concluding that probable cause existed. See *Jones v. United States* (1960), 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697, 708; *Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527; *State v. George* (1989), 45 Ohio St.3d 325, 329, 544 N.E.2d 640, 644.

In applying the totality of the circumstances test as set forth in *Gates, supra,* it is clear that the search warrant establishes probable cause and that the language in the officer's affidavit is not false or misleading. The

---

1. See *United States v. Parsons* (C.A.6, 1990), 899 F.2d 15.

magistrate did not have any problems with the language in the affidavit which stated that the description given of the driver matched that of John Parsons. However, in using this same correlation technique, from the general to the specific, to describe the vehicle which was observed by eyewitnesses at the crime scene, appellant takes issue with the officer's use of the exact Ohio license number to describe more specifically a vehicle which would "match" the description of the vehicle, as observed by eyewitnesses, close to the crime scene at the time of the homicide. It was incumbent upon the magistrate, at the time he decided to issue the search warrants, to question anything he did not fully understand. His after-the-fact testimony, indicating that he would have acted differently had he more fully understood the facts, is an insufficient basis upon which to reopen the suppression hearing.

In *Franks v. Delaware* (1978), 438 U.S. 154, 171–172, 98 S.Ct. 2674, 2684–2685, 57 L.Ed.2d 667, 682, a case directly on point, the Supreme Court held as follows:

" * * * There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. * * * Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. [Fn. omitted.] On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue."

As set forth in *Franks*, a neutral and detached magistrate must independently determine probable cause. *Id.* Anyone challenging the magistrate's decision must present a suitable preliminary proffer of material falsity and not mere allegations of negligence or innocent mistake. *Id.* In the facts at bar, the disputed language as contained in the officer's affidavit attached to the search warrant could have been interpreted by the magistrate to mean that witness testimony would be available at trial to place at the scene of the homicide the 1984 maroon Oldsmobile, bearing Ohio license No. 758–QMZ, and

registered to appellant's wife. However, there is nothing false or misleading in interpreting the disputed language as the officer testified that he intended it based on eyewitness testimony, matching several witnesses' general descriptions to a more specifically described vehicle. Thus, in conducting an after-the-fact scrutiny of the affidavit in the matter herein, the focus is on the affiant, not the magistrate; and, this court must consider the presumption of validity, accord deference to the magistrate's initial determination of probable cause, consider the fact that appellant had the opportunity for a hearing regarding his motion to reopen the suppression hearing, and in doubtful or marginal cases, such as in this case, uphold the warrant, *albeit* the trial court's decision. *George, supra.*

Accordingly, the trial court properly overruled appellant's motion to reopen the suppression hearing and appellant's first assignment is not well taken and is overruled.

In his second assignment of error, appellant asserts that the trial court erred in overruling his motion to suppress since the search warrant failed to specifically describe the items being sought. The trial court made the following ruling:

"THE COURT: The court's reserved ruling on two issues that arose out of the defendant's motion to suppress. One over the breadth of the search warrant itself and, if so, did the officers have that warrant signed by the judge rely upon good faith on the validity of the search warrant by a detached neutral magistrate.

"An examination of the evidence, it seems to the court necessary to determine the validity of the search warrant, which is an intrical part of the warrant itself. Reference in the—or in the affidavit, reference is made to the fact that the victim was killed by a 12–gauge shotgun, and after being flushed from his trailer by a fire bomb made by some sort of accelerants, there are sufficient facts in the affidavit, in the court's opinion, to establish probable cause, that I believe these items may be located at [6]759 Bowerman Street West, Worthington, Ohio, as alleged in the affidavit, which appears on the face of the search warrant.

"However, the issue in this case was the things to be searched for, particularized were the things to be searched for, the court finds some of the items were particularized and others were not.

"The weapons and the bullets, shell casings, projectiles causing trauma in the offense, I feel that that was the object or property which may identify or trace the suspect of the homicide. I felt that that was—the photographs and/or sketches of the scene, fingerprints of persons present during the

offense, sample materials that the suspect may have carried from the scene on his or her person, material or objects to enable the investigation to investigate—investigators to trace the suspect to the previous location.

"I felt all of these items alleged in the search warrant were particularized enough to pass constitutional muster.

"The other attempt was particularization was not sufficient by the officer's own testimony, but even so, Detective Sears testified that this language is identical in all three warrants, has been used in various search warrants in the past, and they have been approved on all of those prior occasions by that, he's aware of by the issuing judge and, therefore, he had no reason to believe that the search warrant in this particular case may be defective as being overbroad in part.

"And he testified that the judge examined the affidavit and the warrants, and not only once, but three times, since there was three warrants issued in this case, similar language in all three, and the court cannot find that the search warrants were so facially deficient that Detective Sears or the executing officers in Worthington could not reasonably presume it to be valid.

"Since a substantial part of the search warrant did particularize the items to be searched, when considering the, in light of the affidavit, accordingly the court will not exclude any of the evidence seized pursuant to the search warrant execution in this case. Accordingly, the defendant's motion to suppress is overruled in all respects."

 Upon review, any flaws contained in the warrants did not cause any evidence to be discovered which could not have been discovered under the valid portions of the warrants which described with particularity what was being sought. The less specific portions of these warrants did not expand the scope of the search beyond that allowed under the more specific, valid portions of the warrants. See *State v. Harris* (Dec. 21, 1987), Franklin App. No. 87AP–152, unreported, 1987 WL 31259; *United States v. Freeman* (C.A.5, 1982), 685 F.2d 942. Specifically, as set forth in officer's affidavit, the search encompassed a .12 gauge shotgun and chemicals which could be used as accelerants to make a fire bomb even though the warrant described a search for "weapons used in the offense." Under the rule of *Andresen v. Maryland* (1976), 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627, this language sufficiently limited the search and the discretion of the officers. Contrary to appellant's argument, there is no indication as to the order in which the items, taken from appellant's residence, were obtained. Even so, the officers were within the scope of the search by continuing to look for items "as specific as the circumstances and the nature of the activity under investigation permit." See *United States v. Henson* (C.A.6, 1988), 848 F.2d 1374, 1383; *Sovereign News*

*Co. v. United States* (C.A.6, 1982), 690 F.2d 569. Since the scope of the search included "weapons used in the offense" and chemicals which could be used as accelerants in making a fire bomb, the officers had been given wide latitude within the scope of the search to open closets, chests, drawers and containers where these items might be found. *United States v. Ross* (1982), 456 U.S. 798, 820–821, 102 S.Ct. 2157, 2170–2171, 72 L.Ed.2d 572, 590–591. Accordingly, appellant's second assignment of error is not well taken and is overruled.

Based on the foregoing, appellant's first and second assignments of error are not well taken and are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

McCORMAC and GERKEN, JJ., concur.

THOMAS H. GERKEN, J., of the Hocking County Court of Common Pleas, sitting by assignment.