The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams* (1994), 97 Ohio App.3d 289.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64175.

Decided Jan. 27, 1994.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Mark Fellenbaum,* Assistant Prosecuting Attorney, for appellee.

*Stuart A. Saferin* and *Richard Agopian,* for appellant.

KRUPANSKY, Judge.

Defendant-appellant Eric Williams appeals from his no contest plea conviction for drug abuse involving less than the bulk amount of cocaine following the trial court's denial of his motion to disclose the identity of a confidential informant.

Defendant was indicted by the Cuyahoga County Grand Jury in case No. CR–272314 November 5, 1991 on a single count of drug abuse in violation of R.C. 2925.11. The indictment contained a "furthermore" clause based on defendant's prior conviction for attempted drug abuse January 4, 1991 in case No. CR–256995. The charges set forth in the indictment stemmed from the discovery of cocaine and $425 in United States currency during the execution of a search warrant at defendant's apartment at 1374 West Boulevard in the city of Cleveland on September 13, 1991.

During the course of the proceedings in the trial court defendant filed several written motions, including the following, *viz.:* (1) a motion and amended motion to suppress the physical evidence discovered during execution of the search warrant, and (2) a motion to reconsider the trial court's denial of his prior oral motion to order the prosecutor to disclose the identity of a confidential informant who had provided the police information prior to obtaining the search warrant. Defendant's motions challenged the existence of probable cause to issue the search warrant on the grounds that the prior illegal drug transactions between defendant and the informant upon which the search warrant was based never took place. The matter proceeded to a hearing March 16, 1992 following the prosecution's written objection to defendant's motion to disclose the identity of the confidential informant.

The trial court denied defendant's motion to reconsider its prior denial of his motion to reveal the name and address of the informant who had given information to the police to obtain the search warrant. Defendant thereafter declined to proceed with his motion to suppress the cocaine, and subsequently entered a plea of no contest to drug abuse as charged in the indictment in compliance with Crim.R. 11. The trial court accepted defendant's no contest plea and found defendant guilty of drug abuse as charged in the indictment in an order journalized March 20, 1992. The trial court subsequently sentenced defendant to imprisonment for a term of eighteen months but suspended execution of the sentence and placed him on two years' conditional probation in an order journalized May 21, 1992.

Defendant thereafter filed the delayed appeal *sub judice,* raising the following sole assignment of error:

"The trial court erred in failing to provide the appellant with the name of a confidential informant thereby denying him the right to confrontation as guaranteed to him by the Sixth Amendment to the United States Constitution."

Defendant's sole assignment of error lacks merit.

■ Defendant contends the trial court improperly denied his motion to order the prosecutor to disclose the identity of the confidential informant who supplied information concerning controlled drug purchases from defendant to enable the police to obtain the search warrant. Defendant argues this violated his right to confrontation guaranteed by the Sixth Amendment to the United States Constitution.

Defendant relies on several cases involving the nondisclosure of the identity of an informant during trial on the indicted charges where the testimony of the informant is necessary to establish the charge, including *Roviaro v. United States* (1957), 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, and *State v. Brown* (1992), 64 Ohio St.3d 649, 597 N.E.2d 510. However, defendant's reliance on these cases is misplaced in the case *sub judice* since defendant sought disclosure in the context of a pretrial motion to suppress evidence and failed to establish necessity for the informant's testimony.

The United States Supreme Court has repeatedly distinguished between the scope of defendant's right to confrontation in trial and pretrial proceedings. See *Pennsylvania v. Ritchie* (1987), 480 U.S. 39, 54, 107 S.Ct. 989, 999–1000, 94 L.Ed.2d 40, 55, fn. 10; *McCray v. Illinois* (1967), 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62. The Supreme Court has recognized that the right to confrontation, which includes the right to physically face and cross-examine witnesses, is not a constitutionally compelled rule of pretrial discovery. *Pennsylvania v. Ritchie, supra,* 480 U.S. at 52–53, 107 S.Ct. at 998–999, 94 L.Ed.2d at 54–55. The record *sub judice* clearly demonstrates defendant was not deprived of his right to confrontation since he withdrew his motion to suppress and made absolutely no attempt to cross-examine any witnesses prior to entering his no contest plea.

Moreover, the Supreme Court has specifically rejected defendant's argument that denying a request to disclose the identity of an informant for purposes of a pretrial suppression hearing violates defendant's Sixth Amendment right to confrontation. *McCray v. Illinois, supra,* 386 U.S. at 311–314, 87 S.Ct. at 1062–1064, 18 L.Ed.2d at 70–73. Ohio courts have likewise consistently rejected defendant's argument in this context based on this authority. See *State v. Taylor* (1992), 82 Ohio App.3d 434, 446–447, 612 N.E.2d 728, 735–736; *State v. Parsons* (1989), 64 Ohio App.3d 63, 66–69, 580 N.E.2d 800, 802–804; *State v. Collins* (Feb. 28, 1991), Cuyahoga App. Nos. 58003 and 58004, unreported, 1991 WL 26656.

■ These cases distinguish between the scope of disclosure of a confidential informant's identity at pretrial suppression hearings and at trial because the issue for determination at a suppression hearing in this context is limited to probable cause to issue a search warrant and not defendant's guilt or innocence of the charges. It is well established that hearsay evidence is admissible at suppression hearings and may support the finding of probable cause to issue a search warrant.

■ The cases cited by defendant recognize that disclosure of the identity of a confidential informant is mandated at trial only when the confidential informant's testimony is necessary to establish an element of the charged offense or defendant demonstrates that knowledge of the informant's identity would assist in establishing a defense. None of these factors is present in the case *sub judice* since defendant's request related to pretrial proceedings and the informant's testimony was not necessary to establish defendant's guilt or innocence of drug abuse at trial. Defendant was not charged with making illegal drug sales and any statements made by the confidential informant concerning prior illegal drug sales by defendant to obtain the search warrant were not relevant to the charge of defendant's knowingly obtaining, possessing or using cocaine in violation of R.C. 2925.11.

The trial court's determination not to order disclosure of the confidential informant's identity was particularly warranted in the case *sub judice* since defendant failed to make any preliminary showing to establish the necessity for disclosing the informant's identity. Defendant's motions to suppress and to disclose the informant's identity merely alleged the informant made false statements for purposes of obtaining the search warrant and were not supported by an affidavit or other evidence to support this claim. Rather than summarily denying defendant's motion to disclose the informant's identity based on this defect, the trial court granted a hearing to enable defendant to present evidence to support his claims. The record demonstrates defendant failed to do so. Under the circumstances, defendant has failed to demonstrate the trial court erred by declining to order the prosecution to disclose the identity of the informant in the case *sub judice*.

Accordingly, defendant's sole assignment of error is overruled.

*Judgment affirmed.*

SPELLACY, P.J., and HARPER, J., concur.