DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant Norman Dunn contests the trial court's denial of both his motion to suppress and his request for disclosure of informant identities. We affirm.
 {¶ 2} Dunn was indicted on sixteen felony counts related to drug activity from 1998 to 2000, including trafficking in marijuana, money laundering, possession of drugs, complicity in trafficking in marijuana, conspiracy to commit aggravated burglary, and engaging in a pattern of corrupt activity.
 {¶ 3} Prior to the indictment, Washington County Common Pleas Judge Susan E. Boyer issued a series of interception warrants and extensions. The search warrants allowed the Washington County Sheriff's Department to intercept and record a significant number of telephone conversations involving Dunn and others that contained evidence of Dunn's involvement in drug activity and other crimes.
 {¶ 4} On October 7, 2002, Dunn filed a motion to suppress all evidence secured by the state from the interception warrants and extensions. He claimed that the affidavit requesting the warrant had contained misrepresentations and false statements. Specifically, he asserted that a significant portion of the information from confidential sources in the application was false. Dunn also claimed that, without disclosure of the identities of the confidential sources, his right to confront the witnesses against him was being denied.
 {¶ 5} The trial court denied Dunn's motion as defective on its face. Dunn then pleaded no contest to various charges in the indictment, specifically trafficking in marijuana,[1] a fifth-degree felony, money laundering,[2] a third-degree felony, complicity in trafficking in marijuana,[3] a fourth-degree felony, and possession of drugs,[4] a third-degree felony. The court accepted Dunn's no contest plea, sentenced him to a total of eight years and four months in prison, and fined him $8,750.
 {¶ 6} In his first assignment of error, Dunn argues that the trial court erred when it denied his motion to suppress.
 {¶ 7} In Franks v. Delaware,[5] the United States Supreme Court squarely addressed the issue of when a defendant, under the Fourth Amendment, is entitled to a hearing to challenge the veracity of the facts set forth in a warrant affidavit after the warrant has been issued and executed. The court stated, "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request."[6]
 {¶ 8} The court stated, however, that there is a presumption of validity with respect to the affidavit supporting a search warrant.[7] To overcome the presumption, "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained."[8]
The court held that even if the allegations are established, an evidentiary hearing to review the validity of the search warrant is not mandated by the Fourth Amendment if, after the affidavit material alleged to be false is excluded from the affidavit, sufficient content remains in the affidavit to support a finding of probable cause.[9] In State v. Roberts,[10] the Ohio Supreme Court adopted this standard.
 {¶ 9} In this case, under Franks and Roberts, Dunn was required to make a substantial offer of proof. We agree with the trial court that Dunn did nothing but offer unsupported assertions in his motion. Dunn's motion fell far short of fulfilling the requirements that would have entitled him to a hearing to challenge the warrant affidavit. Therefore, we overrule Dunn's first assignment of error.
 {¶ 10} We also find no merit in Dunn's second assignment of error, in which he argues that the trial court erred when it failed to require the disclosure of the identities of the confidential sources, thus denying Dunn his right to confront the witnesses against him. We note that this assignment only attacks the disclosure issue in terms of confrontation.
 {¶ 11} The United States Supreme Court has repeatedly distinguished between the scope of a defendant's right to confrontation in trial and pretrial proceedings.[11] The right to confrontation, which includes the right to physically face and cross-examine witnesses, is not a constitutionally compelled rule of pretrial proceedings.[12]
 {¶ 12} Similarly, the United States Supreme Court and Ohio courts have consistently rejected the argument that denying a request to disclose the identity of a confidential informant for purposes of a pretrial suppression hearing violates a defendant's Sixth Amendment right to confrontation.[13] This is because the informant's involvement is limited to providing information relevant to the issue of probable cause and not to the defendant's guilt or innocence.[14]
 {¶ 13} Therefore, in Dunn's case, the trial court was not required to order the disclosure of the identities of the confidential sources used in the affidavit supporting the search warrants. Because Dunn's confrontation rights were not denied, we overrule Dunn's second assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover costs from appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Harsha, J.: Concur in Judgment and Opinion.
[1] R.C. 2925.03(A)(1) and (C)(3)(a).
[2] R.C. 1315.55(A)(1).
[3] R.C. 2925.03(A)(1) and (C)(3)(c).
[4] R.C. 2925.11(A) and (C)(4)(c).
[5] Franks v. Delaware (1978), 438 U.S. 154, 98 S.Ct. 2674.
[6] Id. at 155-156.
[7] Id. at 171.
[8] Id.
[9] Id. at 171-172.
[10] State v. Roberts (1980), 62 Ohio St.2d 170, 177-178,405 N.E.2d 247.
[11] See Pennsylvania v. Ritchie (1987), 480 U.S. 39, 54,107 S.Ct. 989; State v. Williams (1997), 97 Ohio App.3d 289, 291,646 N.E.2d 836.
[12] See Pennsylvania v. Ritchie at 52-53; see, also, U.S.v. Raddatz (1980), 447 U.S. 667, 679, 100 S.Ct. 2406.
[13] See McCray v. Illinois (1967), 386 U.S. 300,87 S.Ct. 1056; State v. Taylor (1992), 82 Ohio App.3d 434, 446-447,612 N.E.2d 728; State v. Parsons (1989), 64 Ohio App.3d 63, 68-69,580 N.E.2d 800; State v. Jordan, 8th Dist. No. 80851, 2002-Ohio-5086.
[14] Id.