[Cite as *State v. Craine*, 2024-Ohio-2501.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 23AP-359 |
| v. | : | (C.P.C. No. 18CR-5321) |
| Deshawn D. Craine, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 28, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee. **Argued:** *Sheryl L. Prichard*.

**On brief:** *Soroka & Associates*, *L.L.C.*, and *Katherine Memsic*, for appellant. **Argued:** *Katherine Memsic*.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Deshawn D. Craine, appeals the judgment of the Franklin County Court of Common Pleas following a plea of no contest[1] to possession of heroin with one-year firearm specification and money forfeiture specification, trafficking in heroin with firearm specification and money forfeiture specification, possession of cocaine with firearm specification and money forfeiture specification, trafficking in cocaine with firearm specification and money forfeiture specification, and having weapons under disability. The court sentenced him to an aggregate definite term of nine years.[2] Craine

---

[1] Craine's May 22, 2023 judgment entry indicates that he entered a plea of guilty, but the transcript of the plea hearing reveals he did indeed preserve his claims in this case by entering a plea of no contest. (*Compare* June 15, 2023 Jgmt. Entry at 1 with Mar. 13, 2023 Tr. at 10-31.)

[2] In its judgment entry and at both the plea and sentencing hearings, the trial court declined to issue an indeterminate sentence, "having concluded that the indeterminate sentencing structure of S.B. 201 is

asserts four assignments of error with the trial court's judgment, challenging the trial court's decisions to deny his motions to suppress, to deny his request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and to declining to disclose the identity of the state's confidential informant for purposes of his motion to suppress.

{¶ 2}   Whitehall Police Department Sergeant Jonathan Earl began investigating Craine in early 2018, when he encountered two confidential informants who claimed that Craine was selling heroin and methamphetamine from 791 S. 17th Street in Columbus. Sergeant Earl researched Craine and determined he had a child with L.W., who lived at 437 Cumberland Drive in Whitehall. Sergeant Earl was then contacted by Lieutenant Feeney of the Knox County Sheriff's Office, who indicated that an individual arrested by that office had stated that Craine was transporting methamphetamine from the Columbus area to Mt. Vernon.

{¶ 3}   Whitehall police then initiated a trash pull at the Cumberland Drive property and conducted three similar pulls at points over the following month. Those pulls revealed discarded paperwork addressed to L.W., Craine's child, S.C., and Craine himself; a Mt. Vernon newspaper; and multiple plastic baggies with torn corners. Three of the four plastic baggies retrieved from the trash pull on January 24, 2018 showed positive field test reaction for methamphetamine, and while baggies obtained on other dates appeared to contain residue consistent with narcotics, there is no indication that they were tested to confirm the presence of contraband substances.

{¶ 4}   On February 13, 2018, Detective John Slosser, with the Whitehall Police Department Narcotics Unit, witnessed Craine and a woman matching the description of L.W. swap vehicles in the parking lot of a United Dairy Farmers gas station and observed Craine transfer a grey bag from his original vehicle to the swapped vehicle. Detectives then followed Craine to an Edible Arrangements store, and then to 306 E. Ohio Street, which he entered carrying the grey bag. On February 22, 2018, Lieutenant Feeney again spoke with Sergeant Earl and stated that he had witnessed Craine conduct a hand-to-hand transaction with an individual whom he subsequently stopped, questioned, and arrested, and from

---

unconstitutional." (May 22, 2023 Jgmt. Entry at 2.) The state objected to this conclusion at the plea hearing but has not filed a cross-appeal or raised the issue in its brief. (Mar. 13, 2023 Tr. at 25.) Based on the Supreme Court of Ohio's decisions in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, we decline to sua sponte address Craine's definite sentence.

whom he had recovered heroin, and that the individual claimed they had purchased the heroin from Craine.

{¶ 5} Finally, at some point during the period between February 7, 2018 and March 2, 2018, Sergeant Earl met with a confidential informant, whom he instructed to go to 791 S. 17th Street and purchase heroin, methamphetamine, or cocaine from Craine. The informant was observed meeting with Craine at 791 S. 17th Street, where they stayed for less than three minutes. The informant returned to Sergeant Earl and turned over a substance that tested positive for heroin.

{¶ 6} Based on this investigation, Sergeant Earl concluded that Craine was living at 437 Cumberland Drive and using 791 S. 17th Street to sell narcotics—he subsequently obtained search warrants for each residence based on this evidence. Sergeant Earl's affidavit in support of the search warrant stated that within the 72 hours prior to the March 2, 2018 issuance of the warrant, a 2003 GMC Yukon ("Yukon") belonging to Craine was parked in front of 791 S. 17th Street. Following March 5, 2018 execution of the warrants, Craine was indicted for the five felony counts stated above.

{¶ 7} Craine filed a motion to disclose the identity of the state's confidential witnesses for purposes of a suppression hearing, and for a hearing on the validity of the search warrant based on *Franks*. He asserted that two witnesses would provide credible evidence that Craine was not present at 791 S. 17th Street at the times alleged in the search warrant affidavit:

> [I]t is alleged in the search warrant affidavits that Surveillance was conducted at 791 S. 17th Ave from 1145 hours to 1300 hours by Detective Slosser, Detective Grinstead, and Sergeant Earl. The aforementioned individuals allege that they witness Deshawn Craine participate in several hand to hand transactions. A male individual named Harry Campbell resides at 791 S. 17th Ave, was present at the residence during the hours in questions and has offered to provide credible evidence during the Franks Hearing scheduled for September 4, 2019 that Deshawn Craine was not at 791 S. 17th Ave during the time in question. [B.H.] will further corroborate the fact that Mr. Craine was not at 791 S. 17th Ave. because he was staying with her at * * * E. Ohio Avenue, Mt. Vernon, Ohio during this period of time, and on the days in question. The search warrant affiant represented that he witnessed Craine participate in hand to hand transactions, and hence these hand to hand transactions either never occurred, or refer to an individual other than

> Deshawn Craine. Regardless, this specific information used to the support the receipt of a search warrant should not have been considered.

(July 19, 2019 Mot. for Franks Hearing & to Suppress Evidence at 5.) Craine further argued that the Yukon was not present at 791 S. 17th Street during the 72-hour period alleged. He presented a towing receipt allegedly showing that on February 28, 2018, the Yukon was towed from Mt. Vernon to 572 Nelson Rd. in Columbus because of engine knock, as well as an automobile rental contract for the period between March 1-8, 2018, allegedly for an automobile rented by L.W. for Craine because the Yukon was being repaired.

{¶ 8} In sum, Craine contended that neither he nor his Yukon were at 791 S. 17th Street at the times alleged in the warrant affidavits, that evidence presented at a *Franks* hearing would establish that the statements in the search warrant affidavits were false, and that he was entitled to suppression of the fruits of the search warrants under the Fourth Amendment to the United States Constitution. But on review, the trial court denied Craine's motion to disclose the state's confidential informants and determined Craine's *Franks* motion was deficient and therefore lacked merit:

> The Court denies Defendant Craine's Motion for a Franks Hearing for three reasons: 1) Defendant's Motion is not supported by sworn affidavits creating a genuine issue of fact regarding the truth of statements contained in the Search Warrant Affidavits; 2) [Defendant's Exhibits], [the towing and rental receipts], even if supported by affidavits, do not create a genuine issue of fact regarding the statements contained in the Search Warrant Affidavits; and 3) even if the challenged statements regarding the observation of Defendant Craine on February 27, 2018 are disregarded, the Affidavits are [still] sufficient to support the Search Warrants issued on March 6, 2018.

(Oct. 23, 2019 Decision & Entry at 3.)

{¶ 9} Craine then filed a motion to reconsider the court's decisions, attaching two affidavits and an additional receipt for the auto work on the Yukon. Witness Harry Campbell averred he resided at 791 S. 17th Street and that Craine was not present at the house between February 27, 2018 and March 2, 2018. Witness L.W. averred that the Yukon broke down on February 28, 2018 and that she rented a car for Craine to drive on March 1, 2018. And an invoice for the Yukon repairs indicated that repairs were ordered by Craine

on March 1, 2018 and completed on March 17, 2018 by "Wells Auto Repair" but did not indicate any address. (*See* Nov. 1, 2019 Mot. to Reconsider Def.'s Mot. for Franks Hearing & to Suppress Evidence, Exs. A, B, & C.)

{¶ 10} On January 6, 2020, the trial court denied Craine's motion to reconsider "for three reasons," holding first that "the Ohio Rules of Criminal Procedure make no provision for the serial filing of multiple motions to suppress evidence;" second, that the initial *Franks* motion was not properly supported by affidavits; and third, that "the Affidavits filed in support of Defendant's Motion for Reconsideration do not directly contradict any of the challenged statements in the search warrant affidavits:"

> The Campbell Affidavit makes no statement regarding the 2003 GMC Yukon and admits that in the period February 27, 2018 to March 2, 2018, Defendant Craine would visit 791 S. 17th Avenue on what Campbell describes as "rare occasions to visit." (Campbell Aff. ¶ 5.) Consequently, the Campbell Affidavit does not make a prima facie showing that the search warrant affidavits contain knowingly false statements of fact. Rather, the Campbell Affidavit appears to be consistent with the search warrant statements that C[r]aine was not living at 791 S. 17th Avenue, but Defendant Craine occasionally visited 791 S. 17th Avenue between February 27, 2018 and March 2, 2018, where he could have been observed by detectives as stated in the search warrant affidavits. Defendant's argument regarding the alleged "proper" interpretation of the Campbell Affidavit is in direct conflict with the text of the Affidavit. Rather than undermine the link between Defendant Craine and 791 S. 17th Avenue, the Campbell Affidavit confirms such a link.
>
> The [L.W.] Affidavit does not make a prima facie showing that the search warrant affidavits contain knowingly false statements of fact. The [L.W.] Affidavit does not purport to make a statement regarding the location of Defendant Craine's GMC Yukon on February 27, 2018 or whether Defendant Craine was present at 791 S. 17th Avenue on one or more occasions between February 27, 2018 to March 2, 2018, where he could have been observed by detectives as stated in the search warrant affidavits.

(Emphasis omitted.) (Jan. 6, 2020 Decision & Entry at 3-5.)

{¶ 11} Accordingly, the trial court found no merit to Craine's motions to identify the state's confidential witnesses for a *Franks* hearing and ultimately to suppress the fruits of the searches of 791 S. 17th Street and 437 Cumberland Drive. Upon the denial of his

motions, Craine entered a plea of no contest to all of the charges. He was found guilty and sentenced. This appeal followed, and he asserts four assignments of error with the trial court's judgment:

> [I.] The trial court erred when it denied defendant's motion for a *Franks* hearing.
>
> [II.] The trial court erred in denying appellant's motion to disclose identity of confidential informants.
>
> [III.] The trial court erred in denying appellant's motion to suppress and finding sufficient probable cause for the search of 791 South 17th Street.
>
> [IV.] The trial court erred in denying appellant's motion to suppress and finding sufficient probable cause for the search of 437 Cumberland Drive.

{¶ 12} In Craine's first assignment of error, he challenges the trial court's decision to refrain from holding a *Franks* hearing. In *Franks v. Delaware*, 438 U.S. 154 (1978), the Unites States Supreme Court held that the Fourth Amendment requires a hearing on a motion to suppress where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if that allegedly false statement is necessary to the finding of probable cause. *See id*. at 155-56. *See, e.g., State v. Saxton*, 10th Dist. No. 18AP-925, 2019-Ohio-5257, ¶ 27-29 (trial court did not err in declining to hold a separate *Franks* hearing where defendant failed to make threshold showing requiring hearing). At the hearing, the defense must establish by a preponderance of the evidence the allegation of perjury or reckless disregard. Once the falseness of the statement is established, as well as the affiant's requisite mental state, the false material contained in the affidavit must be excised, and the affidavit's remaining content must be scrutinized to determine whether there are sufficient facts and circumstances remaining to establish probable cause. Only if the remaining content is insufficient to establish probable cause, the search warrant must be voided, just as if probable cause was lacking on the face of the affidavit. *See generally State v. Parsons*, 68 Ohio App.3d 323, 327-28 (10th Dist.1990), citing *Franks* at 171-72 and *State v. George*, 45 Ohio St.3d 325, 329 (1989).

{¶ 13}  Moreover, there is a general presumption of validity with respect to affidavits supporting the search warrant, and a defendant is not necessarily entitled to an evidentiary hearing on a motion to suppress evidence secured following a search with a warrant.  To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine—there must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  *See Parsons* at 327.  "This offer of proof should include the submission of affidavits or otherwise reliable statements, or their absence should be satisfactorily explained."  *State v. Roberts*, 62 Ohio St.2d 170, 178 (1980).  Only if the defendant satisfies this preliminary burden is he or she entitled to a hearing on the *Franks* motion.  *See Parsons* at 327.  *See also Saxton* at ¶ 27, citing *Franks* at 156.  If the defendant does not allege falsity in the statements contained in the affidavit, an evidentiary hearing is not required where the trial court finds a search warrant valid on its face.  *See*, *e.g.*, *State v. Brewer*, 10th Dist. No. 84AP-852, 1986 Ohio App. LEXIS 5752, *6 (10th Dist.1986). [3]

{¶ 14}  Based on the foregoing, Craine was not entitled to a *Franks* hearing because he did not provide an offer of proof that he was not present at 791 S. 17th Street at the time of the confidential informant's alleged purchase of heroin from him on March 1, 2018.  His initial motion made such an allegation, but that allegation was unsupported by the "affidavits or otherwise reliable statements" required by *Roberts*.  And his motion to reconsider, which did include such affidavits, did not directly contradict the confidential informant's claim of purchase—as held by the trial court, the affidavit of L.W. does not address "the location of Defendant Craine's GMC Yukon on February 27, 2018 or whether Defendant Craine was present at 791 S. 17th Avenue on one or more occasions between February 27, 2018 to March 2, 2018,"  (Jan. 6, 2020 Decision & Entry at 5) and while the Campbell affidavit does state in paragraph four that "Deshawn Craine *was not at* 791 South 17th Street, Columbus, Ohio 43206 between February 27, 2018 and March 2, 2018," (Emphasis added) (*Id., Ex. A)* it goes on in paragraph five to state that *"[d]uring that period*

---

[3] In *United States v. Stewart*, 306 F.3d 295 (6 C.A. 2002), the Sixth Circuit Court of Appeals observed that "the circuits are split as to the proper standard of review of the denial of an evidentiary hearing under *Franks*." *Id.* at 304 (citing cases). But it is unnecessary for us to determine whether the proper standard is de novo or review for clear error, as both are satisfied in this case. *Compare e.g. State v. Kilbarger*, 2d Dist. No. 25584, 2013-Ohio-2577, ¶ 23, fn. 4 (quoting *U.S. v. Fowler*, 535 F.3d 408, 415 (6 C.A. 2008), fn. 2, and observing that while several " 'circuits employ a clear error standard, while others review the denial de novo * * *.' " "[w]here the 'more exacting [de novo ] standard of review is satisfied,' an appellate court need not resolve the dispute.").

*of time*, Deshawn Craine was staying in Mt. Vernon and *would only come back* on rare occasions to visit." (Emphasis added.) (*Id.*) Furthermore, the Campbell affidavit states in paragraph two that "*[o]n March 1, 2018*, Deshawn Craine asked me to rent a car for him," but does not indicate whether this request was in person or by some other means. (Emphasis added.) (*Id.*) The internal tensions between, and vagueness of, these statements in the Campbell affidavit were consistent with the facts and theory asserted in the search warrant affidavit that Craine was witnessed conducting several hand-to-hand transactions at 791 S. 17th Street on February 27, 2018, were consistent with the allegation that Craine sold drugs to a confidential informant during the period between February 27, 2018 and March 2, 2018, and were ultimately consistent with the theory and allegation that Craine was not living at the 791 S. 17th Street location but was intermittently using it to conduct drug transactions.

{¶ 15} Accordingly, as the trial court correctly held, "the Campbell Affidavit does not make a prima facie showing that the search warrant affidavits contain knowingly false statements of fact. * * * Rather than undermine the link between Defendant Craine and 791 S. 17th Avenue, the Campbell Affidavit confirms such a link." (Emphasis omitted.) (Jan. 6, 2020 Decision & Entry at 5.) Given this understanding of the evidence in support of his motions, the trial court did not err in overruling Craine's motion for a *Franks* hearing, as his required offer of proof did not demonstrate a legitimate question as to the knowing or reckless falsity of statements in the search warrant affidavit. Craine's first assignment of error therefore lacks merit and is overruled.

{¶ 16} In his second assignment of error, Craine argues that the trial court erred by failing to compel the state to disclose the identity of the confidential informant who conducted the controlled drug buy prior to determining Craine's suppression motion.

{¶ 17} In general, a trial court's decision whether to compel the state to identify a confidential informant is subject to a balancing of factors. Under *State v. Williams*, 4 Ohio St.3d 74 (1983), "the identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." But *Williams* only compels such disclosure prior to a trial, not to a suppression hearing, as "the right to confrontation, which includes the right to physically face and cross-

examine witnesses, is not a constitutionally compelled rule of pretrial proceedings." *State v. Jordan*, 8th Dist. No. 80851, 2002-Ohio-5086, ¶ 30, citing *State v. Williams*, 97 Ohio App.3d 289, 291 (1994), and *Pennsylvania v. Ritchie*, 480 U.S. 39, 54 (1987). Because a trial court can properly rely on hearsay testimony to determine secondary issues at pretrial hearings, the state is not necessarily obligated to produce a confidential witness at a suppression hearing, and a defendant is not necessarily entitled to cross-examination of such witnesses prior to trial. *Jordan* at ¶ 33 (holding that because the trial court could rely on hearsay testimony to determine whether officer had probable cause for investigatory stop and search, the state had no obligation to produce witness and defendant had no right to cross-examine witness prior to trial). Accordingly, the decisions whether to compel identification or appearance of confidential witnesses at a pretrial hearing is within the discretion of the trial court. *Compare* Crim.R. 16(F) and *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735 (trial court rulings on discovery matters are reviewed for an abuse of discretion standard).

{¶ 18} Because Craine was not charged with any crimes related to the controlled drug buy, we cannot say that the trial court erred by declining to compel the disclosure of the informant at the pretrial phase of the case. Had the case proceeded to trial, Craine's attorney could have cross-examined Sergeant Earl regarding his investigation, and might then have been able to establish that the identity and testimony of the informant was "vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense." *State v. Williams*, 4 Ohio St.3d 74, 77 (1983).

{¶ 19} But the case before us, following Craine's no contest plea, relates only to the validity of the searches, not evidence acquired through the controlled drug buys. Accordingly, the trial court did not abuse its discretion by refraining from ordering the disclosure of the confidential witness's identity, and therefore Craine's second assignment of error lacks merit and is overruled.

{¶ 20} In his third and fourth assignments of error, Craine argues that the trial court erred by overruling his motions to suppress the evidence obtained from the searches of 791 S. 17th Street and 437 Cumberland Drive.

{¶ 21} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-

Ohio-5372, ¶ 8. The trial court is in the "best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Therefore, when reviewing whether there is sufficient probable cause to support the issuance of a search warrant, an appellate court may not substitute its judgment for that of the issuing magistrate or engage in a *de novo* review of the facts. *E.g.*, *State v. George*, 45 Ohio St.3d 325, paragraph two of the syllabus, *following Illinois v. Gates*, 462 U.S. 213 (1983). Rather, the reviewing court is "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* at paragraph two of the syllabus. Appellate courts afford deference to the trial court's factual determinations and accept such determinations if they are supported by "competent, credible evidence." *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19 (1982). But the appellate court "reviews the trial court's legal conclusions de novo." *State v. LaRosa*, 165 Ohio St.3d 346, 2021-Ohio-4060, ¶ 17, citing *Burnside* at ¶ 8.

**{¶ 22}** Moreover, even if a search warrant is deemed to be invalid, that is not necessarily the end of the question of whether the evidence obtained pursuant to that warrant may be admitted. "The fact that a Fourth Amendment violation occurred * * * does not necessarily mean that the exclusionary rule applies." *Herring v. United States*, 555 U.S. 135, 140 (2009). In *United States v. Leon*, 468 U.S. 897 (1984), the United States Supreme Court held that "the exclusionary rule should not be applied to suppress evidence obtained by police officers acting in objectively reasonable, good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid." *State v. Wilmoth*, 22 Ohio St.3d 251, 255. Under *Leon*, suppression remains appropriate if " 'the magistrate or judge * * * was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth,' " if " 'the issuing magistrate wholly abandoned his judicial role,' " if " 'an officer purports to rely upon * * * a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," ' " or if the warrant is " 'so facially deficient * * * that the executing officers cannot reasonably presume it to be valid.' " *George* at 331, quoting *Leon* at 923. But where none of those indicia are present, application of the exclusionary rule is unnecessary—"[w]hen police act under a warrant that is invalid for lack of probable cause, the exclusionary rule does not apply if the police acted 'in objectively

reasonable reliance' on the subsequently invalidated search warrant." *Herring* at 142, quoting *Leon* at 922.

{¶ 23} Here, the trial court reviewed the probable cause affidavits submitted in support of the search warrants, and concluded as follows:

> (1)   Two informants known to Whitehall police to be reliable provided information about Defendant's alleged drug trafficking.
>
> (2)   The informants each identified Defendant, and independent police investigation conducted by the Knox County Sheriff corroborated many of the details provided such as the car Defendant drove and the fact that he resided in Whitehall and sold narcotics on 17th Street.
>
> (3)   Police conducted a trash pull at the Cumberland Drive address and discovered mail addressed to Defendant at that address as well as plastic bags with residue that tested positive for amphetamines.
>
> (4)   Police also conducted a controlled narcotics purchase from Defendant at the 17th Street address.
>
> * * *
>
> [T]he Court finds: (1) corroboration of the two informants demonstrates the informants' veracity and reinforces their reliability; (2) the controlled buy at the 17th Street address and the discovery of plastic baggies containing amphetamines and consistent with drug trafficking at the Cumberland Drive address provide sufficient nexus between criminal activity and the places to be searched. The Court finds the informants' tips, corroborated by the Knox County Sherriff's independent investigation, along with the trash pull and controlled buy, provided the Municipal Court Judge who issued the search warrants with a substantial basis to find probable cause in the search warrant affidavits.

(May 10, 2019 Decision & Entry at 2-4.)

{¶ 24} Given the standards set forth by the United States Supreme Court in *Gates* and *Leon*, as well as by the Supreme Court of Ohio in *George*, we simply cannot conclude that the trial court's decision to deny suppression of the searches of 791 S. 17th Street and 437 Cumberland Drive was in any way erroneous.  The evidence set forth in the affidavits and recited by the trial court is clearly sufficient to establish probable cause to search.

Craine argues that the evidence for the search of 437 Cumberland Drive was stale, in that no drug-related activity was established in the 30 days prior to the issuance of the warrant. But because the evidence that was presented showed a fair probability that criminal drug activity occurred on those premises, that Craine's drug activity and use of those premises was ongoing, and that further evidence of other criminal activity would be discovered upon a search of those premises, his staleness argument fails. *Compare with State v. Morales*, 10th Dist. No. 17AP-807, 2018-Ohio-3687, ¶ 24 (In a case involving continued drug sale activity, the defendant "has not demonstrated that the approximate one-month span between the drug activity stated in the affidavit and the application for the search warrant * * * demands reversal on the facts of this case."). And even assuming for argument the evidence fails to surmount that probable cause bar, because Craine does not assert any facial error with the warrant and has not established any misconduct on the part of the officers in question, the evidence is undoubtedly sufficient to permit the officers who executed the warrant to rely upon the Municipal Court Judge's authorization of the warrants in good faith. The trial court did not err in either its finding of the facts to support the search warrants or in its legal conclusion to deny suppression of the fruits of the searches, and we therefore overrule Craine's third and fourth assignments of error.

{¶ 25} For the foregoing reasons, Craine's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and EDELSTEIN, JJ., concur.